*DAVERN v. MERCHANTS AND PLANTERS' INSURANCE CO.*

---

## CATHERINE CORNELSON et al. v. SUN MUTUAL INSURANCE COMPANY et al.

A reward for the conviction of a person who may have been concerned in the commission of a crime, refers to a crime already committed, and not to one which may be committed subsequent to the offer.

A reward for the conviction of a person who may have been concerned in the perpetration of a specific crime, cannot be recovered, by the informant, for a conviction of a person of a crime less in degree and entirely different.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *P. S. Warfield*, for plaintiffs.   *H. Gaither*, for defendants.   By the court:*

ROST, J. delivered the following opinion :   On the 5th of April, 1849, the defendants offered a reward of $3000 for the conviction of any free person, of mature age, who may have been concerned, either as principal or accessory, in setting fire to any building or buildings in the State of Louisiana.

On the 18th of November, 1850, *Henry McQuaird* was convicted, on the testimony of the plaintiffs, of having maliciously prepared combustible matters, and placed them under a building in this city, with intent to set fire to it.   On the 21st February, 1850, by virtue of that conviction, the plaintiffs claim the reward offered by the defendants.   There was judgment against them, and they appealed.

I incline to the opinion of the district judge, that the resolution of the defendants offered a reward for the conviction of persons who had committed the crime to which it alludes.   The offer of a reward for the conviction of a crime to be committed, is unusual, and cannot, it seems to me, be inferred from the terms used.   Besides, I cannot get over the objection, that the reward was offered for the conviction of a specific crime, and that *McQuaird* was prosecuted for, and convicted of, a crime less in degree and entirely different.   I do not think we have the power to enlarge, by implication, the obligation of the defendants, to extend it to cases not named in the resolution.

I think the judgment ought to be affirmed.   Judgment affirmed.

EUSTIS, C. J. concurred.

PRESTON, J., dissenting.   The defendants are a number of Insurance Companies, doing business in the city of New Orleans.   They appear to have formed a voluntary association called, "The Board of Underwriters of New Orleans." On the 5th of April, 1849, they offered a reward, in the following terms, in two newspapers of this city :

---

* *Slidell, J.*, was absent.

CORNELSON
*v.*
SUN MUTUAL
INSURANCE CO.

" Whereas it is known to members of this board, that frequent cases of incendiarism have occurred in this city during the past month ; and, whereas, if the incendiaries continue undiscovered, the most destructive consequences to property may be apprehended : Be it, therefore, resolved, that this board authorize its secretary to offer a reward of three thousand dollars for the conviction of any free person, of mature age, and two hundred dollars for the conviction of any slave who may have been concerned, either as principal or accessory, in setting fire to any building or buildings in the State of Louisiana."

The offer of this reward was not withdrawn until the 6th of June, 1850, in the following terms :

Office of Board of Underwriters : " One thousand dollars reward will be paid by this board, for the conviction (under proceedings instituted during the publication of this notice) of any free person, of mature age, and three hundred dollars for the conviction of any slave, who may have been concerned, either as principal or accessory, in setting fire to any building or buildings in this city or in Lafayette ; all previous rewards are hereby canceled."

Between the offer, and its withdrawal, to wit, on the 22d of February, 1850, *Catherine Cornelson* denounced *Henry McQuaird and wife* to the Recorder of the Second Municipality of New Orleans, "for having, on the night before, attempted to burn a house, occupied by *Captain Hunt*, on Prytania street, within the city, by setting fire to shavings, with a view and intent to burn the same down."

They were indicted on the 11th of April, 1850, for having " maliciously prepared combustible matters, and put them under the building, on Prytania street, occupied by *Captain Hunt*, with intent to set fire to and burn the house."

*Mrs. McQuaird* was tried on the 31st of May, 1850, and acquitted.

*Henry McQuaird* was tried on the 18th of November, 1850, convicted and sentenced to imprisonment at hard labor in the penitentiary for ten years. He was convicted on the testimony of *Catherine Cornelson*, *Mary O'Kane*, and *Sarah Pritchard*. They sue for the reward of three thousand dollars.

The defendants contend, that by the terms of the reward offered by them, they intended to give it for the conviction of any person who had set fire to a building before it was offered. We cannot doubt but that the object of the offer of the reward, was to procure the conviction of any person who had or might, during the existence of the offer, commit arson, that others might be deterred from the commission of the crime, by the example. It states, that " frequent cases of incendiarism had occurred in the city the past month, and that if the incendiaries continued undiscovered, the most destructive consequences to property may be apprehended." The defendants, by their occupation, were greatly interested in the prevention of fires. On account of these facts, and the consequences apprehended, and the interest of the defendants, they offered the reward. What was the object ? To prevent fires. What fires ? So far as their interest was concerned, the moving cause of the offer, future fires. How were they to be prevented ? By the conviction of the incendiaries. What incendiaries ? Those guilty of the acts at any time before the conviction. Is the offer limited to offenders before the date of the offer of the reward ? It does not say so ; and the date of the offer is immaterial to the object of the offer, the conviction, in order to prevent fires.

The terms of the offer of the reward, make it for the conviction of a free person who may have been concerned in the setting fire to a building. These terms refer to the act done at any time before the conviction, and not to the

date of offering the reward.  If the board had referred exclusively to the past,  CORNELSON
they would have said, "who have been concerned;" if exclusively to the future,  SUN MUTUAL
"who shall hereafter be concerned;" but to embrace both present and future  INSURANCE CO.
offences, they say, "who may be concerned;" and, we think, the grammatical
sense, as well as the obvious intention of the defendants was, to offer the reward
for a conviction without reference to the date of the crime, the date being
immaterial to the object.

It is contended, that the reward was withdrawn on the 6th of June, 1850,
before *McQuaird* was convicted.  But he had been denounced by one of the
plaintiffs, and indicted, no doubt, on the testimony of all, before the reward was
withdrawn.  These important steps having been taken, before the offer of a
reward was withdrawn, entitles the plaintiffs to it, if the prosecution was suc-
cessful.  The legal measures necessary to a conviction, were well known to
the defendants, when they offered the reward.  Having been commenced, at
the instance of the plaintiffs, they acquired an inchoate right to the reward,
which the defendants could not afterwards defeat.  All offers become contracts
when accepted by such action as will accomplish the object.  In this case, the
plaintiffs had done all which could be required of them, to accomplish the object
of the reward, except to attend passively, as witnesses, on the final trial of the
accused.  The reward, then, depended on the truth of their denunciation and
the success of the prosecution ; not the will of those who offered it.

It is lastly contended, that *McQuaird* was convicted of the crime of attempting
to set fire to a house, and not of the offence, for the conviction of which, the
defendants offered the reward, "being concerned in setting fire to a building."
The preamble to the offer of the reward, shows that incendiarism, to use their
expression, was the evil they undertook to arrest by the reward.  The punish-
ment of the attempt tended to that object, in the same manner as the punishment
of the act, perhaps, as effectually, and with less evil to the defendants.  There
could be no motive of interest for offering a reward for the one offence, which
does not apply to the other.  They do not differ in the degree of danger which
they caused to underwriters.

They are offences of the same nature, of the same tendency, and, so near in
degree of guilt and of evil to insurers, that I think the defendants must have
intended, in offering a reward to prevent arson, to offer it for each species of the
crime, and that the plaintiffs and others might reasonably so interpret it.