## Nels Anderson v. Pierce County.

Filed May 2, 1894.   No. 5548.

**Rewards: Counties.** Section 296 of the Criminal Code, authoriz-
ing counties to offer rewards for the detection or apprehension
of persons charged with a felony, does not authorize the pay-
ment of such reward until conviction. This condition applies
as well to an offer made simply for the apprehension of a person
as to one made for detection and apprehension.

Error from the district court of Pierce county. Tried
below before Powers, J.

*Barnes & Tyler,* for plaintiff in error.

*Douglas Cones, contra.*

Irvine, C.

The plaintiff in error filed his claim with the commis-
sioners of Pierce county for a reward offered by the county
for the apprehension of an escaped prisoner. The claim
was rejected and he appealed to the district court, where a
demurrer to his petition was sustained and judgment en-
tered for the county, which judgment the plaintiff in error
seeks to reverse. The petition alleges the offer to have
been made as follows: "It appearing that one Ed Staggs,
while under arrest charged with the crime of murder, has
escaped from the custody of the sheriff of Pierce county,
whereupon it is ordered that a reward of $200 be, and the
same is hereby, offered for the apprehension of the said
Ed Staggs, and his return to the custody of the sheriff of
the said county, as provided by section 296, chapter 27,
Criminal Code of Compiled Statutes." The petition does
not allege that Staggs was convicted. The want of that
averment is the reason urged in support of the demurrer.

35

Section 296 of the Criminal Code is as follows: "The county commissioners of the several counties in this state are hereby authorized, when .they deem the same expedient, to offer such rewards as in their judgment the nature of the case may require, for the detection or apprehension of any person charged with or convicted of a felony, and pay the same on the conviction of such person, together with all necessary expenses not otherwise provided for by law, incurred in making such detection or apprehension, out of the county treasury." The plaintiff in error contends that the clause providing that the reward should be paid on conviction applies only to cases where the detection of a person is a part of the requirement of the offer; that is to say, that where a crime is committed and the perpetrator is unknown, a person to claim the reward must furnish the information necessary to fix the crime upon the person apprehended, and that a conviction is therefore necessary to the performance of the contract; but that where there has already been a conviction had, or where a person has been under arrest charged with a crime and an escape has been effected, simply apprehending the fugitive completes the performance and entitles the captor to the reward. The plaintiff further contends that the offer was general in its terms, and that, irrespective of the statute, it was binding upon the county and entitled him to recover without conviction of the person apprehended. This court has never before been called upon to construe the statute referred to. We are not cited to any decisions of other states having similar statutes, nor have we been able to find any in point. As to the second argument advanced, it is sufficient to say that whether or not authority to offer rewards would be implied in the absence of an express statute, the offer in this case contained an express reference to section 296 of the Criminal Code, and the offer was clearly made in pursuance of that section. If there be any authority independent of that statute, still this reference to the statute

incorporated it into the offer so that in any event the statute must be treated as a part of the contract.

Authority to offer such rewards is not usually implied, and the courts have been inclined to a strict construction of such powers. Thus, an act of congress gave to the city of Washington the power to "sue and be sued, implead and be impleaded, grant, receive, and do all the other acts as natural persons, and to purchase and hold real estate." Another act gave to it "full power and authority to make all necessary laws for the protection of public and private property, the preservation of order and the safety of persons, * * * and for the punishment of all persons violating the same." The legislative authorities of the city authorized a reward of $20,000 for the arrest and conviction of persons concerned in the assassination of President Lincoln; but the court held that this act was not within the scope of the authority conferred upon the city by act of congress. (*Baker v. City of Washington*, 7 D. C., 134.) So, too, where, as in the case of the individual, the authority to contract is clear, the contract itself has been subjected to a strict construction. Thus, in *Jones v. Phœnix Bank*, 8 N. Y., 228, where a reward was offered for the apprehension of a person to whom forged checks had been paid and the recovery of the money or a proportional amount for any part thereof, it was held that both the apprehension of the person named and the recovery of some of the money were essential to sustain a claim for any part of the reward. And in *Cornelson v. Sun Mutual Ins. Co.*, 7 La. Ann., 345, a reward was offered for the conviction of any person who may have been concerned in setting fire to any building. It was held that this offer applied only to persons who had at that time committed the offense and not to those who might thereafter commit it, and also that where a person apprehended was convicted only of having prepared combustible matters and placed them under a building with intent to set fire to it and not of setting fire to the building, the reward was not earned.

Unless a very liberal construction should be given to the statute under consideration, it would seem quite clear that the reward becomes due in no case except upon conviction. The plaintiff argues that unless his construction· be given the statute, that part of it applying to persons already convicted would be nugatory. This is not true. Where a person already convicted escapes, the condition of conviction already exists and upon apprehension that condition is complied with,; but in the case of a fugitive before trial, the reward may be earned in a certain sense upon apprehension, but by the terms of the statute it is not payable until conviction or unless a conviction be had. The distinction in reason suggested by the plaintiff is obvious, and had the legislature intended to create it, it certainly would have been expressed. We think that in no case arising under this statute is a reward payable except upon conviction of the captive, and therefore the demurrer was properly sustained.

JUDGMENT AFFIRMED.