(January 13, 1894.)

## HAWKINS v. POCATELLO WATER COMPANY.

[35 Pac. 711.]

VARIANCE—PLEADING AND PROOF.—Variance between allegations of complaint and proof must be disregarded, unless such variance actually misled the adverse party to his prejudice in making his defense.

VERDICT—CONFLICT IN EVIDENCE.—When there is a substantial conflict in the evidence, the verdict of a jury will not be disturbed by the appellate court, unless it is plainly contrary to the decided weight of evidence.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Eden & Terrell, for Appellant.

As to variance between proof and pleading, see *German Ins. Co. v. Fairbank,* 32 Neb. 750, 23 Am. St. Rep. 459, 49 N. W. 711; *Robbins v. Barton,* 50 Kan. 120, 31 Pac. 687; *Whitney v. Purrington,* 59 Cal. 36; *Rich v. Davis,* 4 Cal. 23; *Stearns v. Martin,* 4 Cal. 230.

H. V. A. Ferguson and S. C. Winters, for Respondent.

All intendments must be in favor of sustaining the judgments of courts of original jurisdiction, and to disturb such judgment it is not sufficient that error may have intervened, but it must be affirmatively shown by the record. (*Goodman v. Milling Co.,* 1 Idaho, 131; *Lowe v. Turner,* 1 Idaho, 107; *Hazard v. Cole,* 1 Idaho, 276; *Toulouse v. Burkett,* 2 Idaho, 288, 13 Pac. 172.) An amendment which could have been made in the court below to make the pleadings conform to the proof will be presumed to have been made. (*Evansville etc. R. R. Co. v. Maddux,* 134 Ind. 571, 33 N. E. 345, 34 N. E. 511.) A jury is presumed to have found its verdict upon the facts without having been influenced by passion or prejudice; and where a verdict is for a less sum than the full amount demanded in the prayer of the complaint, this presumption is strengthened. That a jury has been influenced by passion or prejudice must be made to appear affirmatively. (*Cox v. N. W. Stage Co.,* 1 Idaho, 376.) A verdict conclusively settles every issue in favor of the party in whose favor it was rendered. (*Woods v. Courtney,* 16 Or. 121, 17 Pac. 745.) Where the facts in an issue have been tried by a jury, they cannot be otherwise re-examined than according to the rules of the common law. (*Ensign Mfg. Co. v. Carroll,* 4 S. E. 782.) The general doctrine may be summarized as follows: Findings of fact by a jury will not be disturbed on appeal, if not plainly contrary to the weight of evidence. (*Henry v. Allen,* 49 Ark. 122, 4 S. W. 201; *English v. Korn,* 73 Cal. 617, 15 Pac. 300; *Beaubien v. Hindman,* 38 Kan. 471, 15 Pac. 184; *Miles v. Saunders,* 8 Ky. L. Rep. 689, 2 S. W. 676; *Schmidt v. Baumann,* 36 Minn. 189, 30 N. W. 765; *Gordon v. Evans* (Mo.), 4 S. W. 112; *Barbor v. Boehm,* 21 Neb. 450, 32 N. W. 221; *McBee v. Caesar,* 15 Or. 62, 13 Pac. 652; *Pritchard v. Pritchard,* 69 Wis. 373, 34 N. W. 506.)

SULLIVAN, J.—This action was brought by the respondent to recover $1,842.25, alleged to be due upon contracts for certain work done and performed upon a certain ditch, designated as "Indian Ditch," and for the further sum of $1,050, damages alleged to have been sustained by reason of appellant's fail-

ure to perform the conditions to be performed by it under one of said contracts. The cause was tried by the court with a jury, and a verdict and judgment rendered and entered in favor of respondent for the sum of $1,658.07. Thereafter the appellant interposed a motion for a new trial, which was denied by the court. This appeal is from the order denying the motion for a new trial, and from the judgment.

Appellant's first contention is that the court erred in permitting a certain contract signed by one F. D. Toms to go to the jury. It is urged that the respondent alleged in the complaint, in his second cause of action, that the contract sued on was signed by James A. Murry, J. J. Cusick and F. D. Toms, and that it was reversible error to admit a contract signed by F. D. Toms only, in support of that allegation. The allegations of the complaint that, immediately after the execution of said contract by Toms, Cusick and Murry, said Toms, Cusick and Murry, and other persons unknown to the plaintiff, incorporated the defendant company and became the stockholders thereof; that appellant company adopted said contract, and that the plaintiff continued to, and did, perform the work to be performed by him thereunder; that said contract was in writing, and in possession of appellant; and that the plaintiff could not produce it, and therefore could not attach a copy thereof to his complaint—are not denied by the answer, and were therefore admitted, and required no proof. (*Lillienthal v. Anderson,* 1 Idaho, 673.) The contract was admitted in evidence to prove undenied allegations of the complaint, and in no wise misled or prejudiced the defense of appellant. The substantial rights of appellant were not, and could not have been, affected by the alleged error. Section 4231 of the Revised Statutes of 1887 provides that all errors or defects in pleadings or proceedings which do not affect the substantial rights of the parties must be disregarded, and no judgment should be reversed because of any such errors or defects. The only error made in this matter was the admission of evidence to prove a fact which was admitted by the answer.

The second error assigned is that the evidence is not sufficient to support the judgment; and under this head it is con-

tended that there is a conflict between the testimony of respondent Hawkins, as a witness on his own behalf, and the testimony of F. J. Mills, also a witness on behalf of respondent; that, as Mills was a witness for respondent, the jury was bound to take his testimony as true, and reject that of Hawkins, in case of conflict. We cannot concede this contention. The jury are the judges of the credibility of the witnesses, and may determine the weight to be given to the testimony of each witness. From the record of this case it appears to us that the jury did just what appellant contends they should have done, to wit, rejected Hawkins' testimony as to the estimates introduced, and accepted as true the estimates of witness Mills. The respondent Hawkins testified that the work done by him under said contract was of the value of $1,940.50, and Mills testified that said work was of the value of $1,131.50 only. Hawkins also testified that he had sustained damages in the sum of $1,050 by reason of appellant's failure to perform its part of said contract. Mills did not testify on the question of damages, and it does not appear from the record that the appellant introduced any evidence on the trial of this case. From the testimony the jury rendered a verdict for plaintiff for the sum of $1,658.07. So far as appears from the record, the jury took Mills' estimate as correct, and, in addition thereto, allowed sufficient damages to respondent to make the amount of the judgment. It is evident that the jury did not render a verdict in accordance with the testimony of Hawkins, for he testified that there was due him, for work and labor, $1,940.50, and also $1,050 for certain damages sustained by him, making a total, $2,990.50, less a payment of $205.25. There is nothing in the record to show that the jury gave more weight to Hawkins' testimony than to Mills. If they did, it was their right to do so. They were the judges of the credibility of witnesses and the weight to be given to the evidence. The well-established rule that, when there is a substantial conflict in the evidence, the verdict of the jury will not be set aside unless the decided weight of evidence is against it, is applicable to this case, regardless of the fact that Mills was called as a witness by respondent. The record shows that the estimates made by wit-

ness Mills were made under difficulties, and were made for and on behalf of appellant corporation, and not for the respondent, and evidently were a surprise to respondent. This, however, makes no difference. From the record we are unable to say that the verdict is against the weight of evidence.

Respondent contends that this appeal was for delay, and demands the penalty prescribed by rule 9 of this court; but we do not feel warranted in holding that this appeal was manifestly for delay, and allowing damages at the rate of twelve per cent upon the amount of the judgment, as prescribed by rule 9 of this court, but it evidently is very close to the line. The judgment of the court below is affirmed, with costs in favor of respondent.

Huston, C. J., and Morgan, J., concur.