CHADRON BANKING COMPANY, APPELLEE, V. JEREMIAH
MAHONEY ET AL, IMPLEADED WITH JOSEPH M.
ROBINSON, APPELLANT.

FILED JANUARY 2, 1895.   No. 6794.

1. **Appeal and Error**: ELECTION: HOW DETERMINED.  The fil-
ing with a transcript of the record of a paper containing assign-
ments of error will not alone require the court to treat the pro-
ceeding as one in error and not as an appeal.  To have such
effect the instrument filed should possess the essential elements
of a petition in error.

2. **Pleading**: DEFENSES.  Whether the grantee of a married
woman may defend against a mortgage given by her before
the conveyance on the ground that it was given only to secure
her husband's pre-existing debt, *quære.*  Such defense must be
pleaded in order to be availing.

3. **Review**: BILL OF EXCEPTIONS: OMISSIONS FROM.  The only
objection to the introduction of a written instrument was that it
appeared upon its face to have been altered in a material part.
The objection was overruled by the district court, and neither
the copy of the instrument in the bill of exceptions nor the
other evidence therein disclosed such alteration.  *Held,* That
error did not appear.

4. ———: AFFIDAVITS NOT USED BELOW.  In such case an affida-
vit not used on the hearing in the district court but attached to
the record here is incompetent to show that the original instru-
ment appeared to be altered.

5. ———: TRANSCRIPT.  In reviewing cases in this court the tran-
script here filed is the sole, conclusive, and unimpeachable evi-
dence of the proceedings in the district court.

6. ———: PARTIES: WAIVER.  Where a stranger filed a petition in
a case asking to be made a party, and thereafter filed pleadings
but obtained no order of the court making him a party, and the
party appealing did not answer his pleading, but on the trial
cross-examined his witnesses, and the court, without special
objection thereto, entertained the case of such intervenor and
rendered a decree thereon, *held,* that the appellant could not for
the first time in this court urge that the intervenor had not in
fact become a party.

7. **Pleading**: EVIDENCE. Where averments in a cross-petition are not denied, proof to establish them is unnecessary, and a decree will not be set aside because the proof offered was incompetent.

8. **Receivers.** The appointment of a receiver is a provisional remedy and should not be made at the time of the final decree except where an occasion exists whereunder the statute or usages of courts of equity authorize such appointment.

9. ——: ERROR IN APPOINTING. Therefore, in an action to foreclose mortgages where the petition prayed for the appointment of a receiver pending the action, but the application was not heard until final hearing, the court erred in appointing a receiver upon the final hearing, before the institution of an appeal or an application for a stay.

10. ——: APPOINTMENT: GROUNDS. A receiver should not be appointed because a state of affairs is anticipated which would justify such an appointment. The occasion must exist and be not merely anticipated in order to authorize the appointment.

APPEAL from the district court of Dawes county. Heard below before KINKAID, J.

*Albert W. Crites*, for appellant, cited, contending that there was error in admitting the record of assignment: *Buck v. Gage*, 27 Neb., 306; that no receiver should have been appointed: *Sea Ins. Co. v. Stebbins*, 8 Paige Ch. [N. Y.], 565; *Morris v. Branchaud*, 52 Wis., 191; *Burlingame v. Parce*, 12 Hun [N. Y.], 148; *Smith v. Kelley*, 31 Hun [N. Y.], 387; *Haas v. Chicago Building Society*, 89 Ill., 502.

*C. H. Bane, D. B. Jenckes, Spargur & Fisher*, and *W. W. Wood, contra*, cited as to the appointment of the receiver: *Jacobs v. Gibson*, 9 Neb., 382.

IRVINE, C.

The Chadron Banking Company brought this action to foreclose a mortgage on lot 11, in block 11, and other property in the city of Chadron. The petition alleged that on February 20, 1893, Jeremiah Mahoney and Catherine

Mahoney, his wife, made and delivered to the plaintiff their promissory note for $3,602.85, and to secure the same executed to the plaintiff a mortgage on the property in question. Then followed other averments necessary to a foreclosure, and allegations of fact in support of an application for a receiver. The petition also alleged that Joseph M. Robinson claimed an interest in said lot 11 by virtue of a quitclaim deed from the Mahoneys, but that the said deed was without consideration and made for the purpose of enabling Robinson to collect the rents and withhold possession from the plaintiff. The Mercantile Trust Company practically confessed the petition, and then, by way of cross-petition, alleged that in 1889 Arthur C. Putnam and wife made and delivered to the Western Farm Mortgage Company a note for $4,000, and executed a mortgage on said lot 11 to secure the same; that the note and mortgage had been transferred to the Mercantile Trust Company. The foreclosure of this mortgage was prayed. J. L. Browne, who was not an original party to the action, filed a petition asking to be made a defendant. No order making him such appears, but he filed a cross-petition alleging the making and delivery by Putnam and wife of another note and mortgage to the Western Farm Mortgage Company and an assignment for the benefit of creditors by the Western Farm Mortgage Company to Browne, and sought a foreclosure of this mortgage. Three defendants claimed mechanics' liens upon the premises, the validity and position of which were confessed on the record. The Western Farm Mortgage Company was a defendant, but made no appearance. The defendant Robinson answered by denying generally all the allegations of the cross-petition of the Mercantile Trust Company. The answer made no reference whatever to the cross-petition of Browne. For answer to the petition Robinson denied all the allegations in regard to the making and delivery of and default in the note and mortgage. He then averred that on May 12, 1893, the

Mahoneys, by deed of quitclaim, for value and in good faith, conveyed the premises to Robinson for his own use and without any trust or reservation in favor of the grantors or any other person. He also pleaded a number of facts relating only to the application for a receiver, and which we need not here notice. The Mahoneys answered denying all allegations in the petition not specifically admitted, then averring that Catherine Mahoney did not in any of the transactions contract with relation to her separate estate; that she did not take title to the property for the purchase and holding thereof, but solely as a matter of convenience; that the Mahoneys, in good faith for value and without intent to defraud, conveyed to "present owners," and then pleaded specifically to the application for a receiver. The Mahoneys made no answer to either cross-petition. Their answer to the petition was a disclaimer of all interest in the property. The petition prayed for a deficiency judgment against the Mahoneys, but on the trial the right to such judgment was expressly waived and the decree establishes no liability against them. The Mahoneys, therefore, have nothing to complain of in the decree, and we do not understand that they appeal therefrom. On the 16th day of February, 1894, a decree was entered reciting that the cause came on to be heard on February 2. The facts are then found in favor of the plaintiff and the cross-petitioners and an order made foreclosing their several liens. The decree then proceeds to recite that the cause came on to be heard on the same day on the application for a receiver and the court made an order appointing a receiver to take charge of the premises "during the pendency of this action and until final determination and disposition thereof be made by the court," with directions to the receiver and a requirement that possession be delivered to him. The defendant Robinson appeals. The appellees contend, however, that the proceeding should be considered as one in error because an

assignment of errors was filed.    We do not find such an
assignment in the record, but the filing of a paper with the
transcript merely indicating the points upon which the ap-
pellant relies to reverse the case would not make the pro-
ceeding one in error.    To have that effect the instrument
filed should have the essential elements of a petition in error.
The procedure should be such as to disclose an election to
proceed in error, not by appeal.

   The points argued in the brief of the appellant relate
largely to matters of evidence.    The first point urged is
that the court erred in refusing to permit Robinson to
cross-examine the witness Putnam for the purpose of show-
ing that the note to the plaintiff, to secure which the mort-
gage was made, was made to evidence a pre-existing indebt-
edness to the plaintiff, and that no consideration was at the
time paid to the Mahoneys.    If this were true, it would
not affect the validity of the mortgage.    It is true that
Mrs. Mahoney, in her answer, avers that she is a married
woman and did not contract with reference to her separate
estate; but this plea must be taken as referring to her gen-
eral personal liability, because she, at the same time, dis-
claims that she ever had any beneficial interest in the mort-
gaged premises.    Whether a defense would arise in favor
of the grantee of a married woman, against her mortgage
covering her separate estate, made for the purpose of secur-
ing a pre-existing debt of her husband, is not here presented,
because Robinson does not plead it.    The facts sought to
be elicited on cross-examination may have been pertinent
to the application for a receiver, but that branch of the case
must be disposed of on other considerations.

   It is urged that certain oral testimony in regard to the
assignment of the mortgage to the Mercantile Trust Com-
pany was improperly admitted.    It has been frequently
held that the improper admission of evidence in a case tried
to the court is not alone ground for reversal.    A written
assignment of the note and mortgage was offered and re-

·ceived in evidence.   The only objection made to it was that
it appeared upon its face to have been altered in a material
part, to-wit, in the name of the .assignee.   This objection
was overruled by the court.   The bill of exceptions contains
a copy of the assignment.   This copy discloses no such
alteration, and the only evidence that the original disclosed
such an alteration was the testimony of one witness that
the name of the assignee did not look as if it were the
same handwriting as the rest of the instrument, but that
the witness did not know whether or not it was the same.
There is also attached to the copy referred to an affidavit
to the effect that the original did disclose an alteration;
that it was in the possession of the opposite party; that
affiant had made application to the court to compel its pro-
duction, and that said application had been denied.   This
was not an affidavit used on the hearing in the district
court.   It is no part of the record and cannot be considered
here for any purpose.   We must review cases here upon
the record as made in the district court, and of this record
the transcript here filed is the sole, conclusive, and unim-
peachable evidence.

It is next urged that the court erred in admitting in evi-
dence the record of the assignment from the Western Farm
Mortgage Company to Browne.   It will be remembered
that there was no order making Browne a party and that
Robinson made no answer to his cross-petition.   The rec-
ord discloses, however, that Robinson cross-examined the
witnesses sworn on behalf of Browne; that the court en-
tertained on the final hearing Browne's cross-petition, and
Robinson did not in the district court, and does not now,
complain that the decree in favor of Browne was erroneous
because he was not a party.   This being true, we must as-
sume that Browne's right to intervene is unquestioned and
that he became in fact a party, although in so doing we do
not wish to encourage the idea that a stranger may, without
leave of the court, file pleadings in a case and obtain relief

where no appearance is made by the parties affected. The instrument offered in evidence was from the miscellaneous record of Dawes county, and was the record of an assignment made in South Dakota by the mortgage company, a corporation of that state, to Browne. The original was not in anywise accounted for, and the presumption, of course, would be that it was in Browne's possession. For this reason, if not for several others, the evidence was incompetent; but Robinson did not answer this cross-petition, and the fact of the assignment was therefore not in issue and its proof was unnecessary.

The other assignments relate to the application for a receiver. This may be disposed of very briefly. The application was for a receiver "pending the action." The terms of the order appointing a receiver were that he should take charge of the property "pending the action." This order was a part of the final decree. The appointment of a receiver is a provisional remedy. It is not the ultimate object of the action, and there is no occasion, after the court has finally determined the rights of the parties, to appoint a receiver "pending the action." The Code, section 266, as well as the usages of courts of equity, provide for the appointment in certain cases of receivers after judgment to carry the decree into effect, but this appointment was not made for any such purpose, but merely for the purpose of holding possession of the property, preserving it and collecting the rents. It is also provided that a receiver may be appointed after judgment to preserve the property during the pendency of an appeal. But this order was made as a part of the final decree; no appeal had been taken; no steps had been taken towards instituting an appeal. It is possible, though this we do not decide, that in some cases a receiver might be appointed pending a stay of execution, but no stay had been asked for. For all that appeared when this receiver was appointed the mortgagees might have proceeded in twenty days (the time fixed for redemp-

tion) to sell the property. It is always a harsh proceeding to oust one from the possession of real estate by the appointment of a receiver. In order to justify such action the trial court should be quite clearly satisfied that grounds for such action exist and that the protection of the rights of the parties requires it. Receivers should not be appointed simply because an occasion for their appointment is anticipated or may in the future arise. The occasion must exist when the appointment is made. We think the learned judge erred in appointing a receiver at this stage of the proceedings. The decree, so far as it relates to the receivership, is reversed; otherwise it is affirmed.

JUDGMENT ACCORDINGLY.