GEORGE H. EASTMAN, APPELLEE, v. ORIN R. CAIN ET AL., APPELLANTS.

FILED MAY 2, 1895. No. 7335.

1. **Appointment of Receivers:** FORUM OF JURISDICTION: APPEAL. The district courts and judges are vested with jurisdiction by statute to hear and determine applications for the appointment of receivers in cases then pending in such courts, and also after appeal on the merits to this court.

2. ————: ————: ————. The district courts and judges being clothed with such jurisdiction, it is consonant with the better practice to present such applications to them, and, except in cases where sufficient reasons exist therefor, this court will not entertain and determine original applications for the appointment of receivers.

APPLICATION of E. Charles Francis, intervenor, for appointment of a receiver to control mortgaged property pending appeal from a decree of foreclosure rendered by the district court of Douglas county.   *Application overruled.*

*F. B. Tiffany,* for intervenor.

*E. C. Wolcott,* for appellants.

*E. R. Duffie,* for appellee.

HARRISON, J.

In an action to foreclose a real estate mortgage, commenced in the district court of Douglas county, such proceedings were had as resulted in a sale by a master commissioner, a confirmation of the sale and deed to the purchaser.   After such sale a motion was filed to make Ethan C. Wolcott a party defendant to the action, which was sustained, and it appears that summons was duly issued and service of it made upon Wolcott, who entered a special appearance and filed objections to the jurisdiction of the court, which, upon hearing, were overruled, and Wolcott having elected to not further appear or plead, a decree of foreclosure was entered as to his rights in the premises, from which he appealed to this court, and the purchaser of the property at the sale made under the decree of foreclosure makes this his application for the appointment of a receiver to take charge of the property during the pendency of this appeal and to collect the rents, issues, and profits thereof and apply the same to the payment of the taxes assessed against the property, in necessary repairs thereon, and in payment of the interest accruing or accrued upon a mortgage indebtedness existing against it, which was a lien upon it prior to and at the time of the foreclosure suit and sale, and superior to the mortgage foreclosed, stating further that Wolcott is in possession and control of the

8

premises and collecting the rents, etc., and containing such other allegations as the pleader deemed proper to show the necessity for the appointment of a receiver, but which we need not here give further notice, as in the disposition now contemplated of the application its merits will not be in question, and no statement or knowledge of its grounds will be essential.

Section 266 of the Code of Civil Procedure relative to the appointment of receivers is as follows: "A receiver may be appointed by the supreme court or the district court, or by the judge of either, in the following cases: First—In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of any party to the suit, when the property or fund is in danger of being lost, removed, or materially injured. Second—In an action for the foreclosure of a mortgage, when the mortgaged property is in danger of being lost, removed, or materially injured, or is probably insufficient to discharge the mortgage debt. Third—After judgment, or decree to carry the same into execution, or to dispose of the property according to the decree or judgment, or to preserve it during the pendency of an appeal. Fourth—In all cases provided for by special statutes. Fifth—In all other cases where receivers have heretofore been appointed by the usages of courts of equity." And in section 271 it is provided, in reference to a hearing upon such an application, as follows: "Any party to the suit may, upon the hearing of the application, show, by affidavit or otherwise, objections to the proposed sureties and to the proposed receiver, and what is the value of the property to be taken possession of, and that a receiver ought not to be appointed. He may also nominate a person to be receiver, giving at the same time the names of his proposed sureties. No person shall be appointed receiver who is party, so—

licitor, counsel, or in any manner interested in the suit." It will be noticed that the district courts and the judges thereof are, by the first section of the Code hereinbefore quoted, given jurisdiction, and by the other sections the right is accorded the party against whom the application is directed to litigate issues in relation to the value of the property and other matters alleged in the petition as the basis for the prayer for the appointment of the receiver, and to show the facts, as to such points, "by affidavits or otherwise." The district courts or judges being clothed with jurisdiction to hear and determine applications for receivers, and a trial as to the facts by affidavits or otherwise being granted as a part of the proceedings, it seems to us that in the absence of any special facts or reasons for the presentation of the application to this court originally, it would probably be less expensive to litigants and more convenient in all respects, and the ends of justice be as well subserved, if such applications be made to district courts or the judges in the districts or counties where the actions were instituted. The district courts or judges are given the authority by law to take the testimony and to hear and determine as to all questions pertaining to the relief sought, and grant and enforce the prayer of the petition, or have full power and jurisdiction of the subject in all respects; and this court is an appellate court, one established, in the main, for the hearing of causes brought to it by error proceedings or appeal. It seems to us but meet and proper that applications of this nature should, so far as practicable, and where, as we have before stated, no particular reasons are disclosed for their commencement originally in this court, be presented to and disposed of by the power which seems most convenient and proper for their adjudication, the district courts and judges, and such actions in this court be discouraged or not entertained. That the district courts and judges are by our statute clothed with jurisdiction of such applications during the pendency of the

actions in which made, in the district court, and also after an appeal has been taken on the merits of the case, we have no doubt, and we deem it better practice that it should be made to them. (Beach, Receivers, secs. 11, 114.)

In the case of *Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 44 Neb., 463, this court very recently entertained an application for the appointment of a receiver and, on hearing, made such appointment. The reason which moved us to retain the matter in this court and appoint a receiver and not remand it to the district court, will be understood by reading the following statement quoted from that opinion: "In the plaintiff's amended bill he prays for a receiver to wind up the business of the Construction Company and to distribute its property among the stockholders thereof, after paying and satisfying all of its just debts. And a supplemental application has been addressed to us for the appointment of a receiver here instead of remanding the cause for final action by the district court. We should, in view of our settled practice, feel constrained to dismiss the application summarily, but realizing that we are not without blame for the long delay in this court, to the prejudice of all parties concerned, we have decided to retain the cause for such further action as may hereafter be deemed appropriate. The usual and orderly course of procedure would be through the agency of a receiver. * * * No sufficient reason having been suggested for denying the application, a receiver will be appointed with authority to collect the amount here adjudged against the defendant company and to disburse the same under the directions of the court."

It follows from what has been hereinbefore expressed that the present application will be denied without prejudice to a new application, there having been no consideration or adjudication in regard to its merits.

JUDGMENT ACCORDINGLY.