PHILADELPHIA MORTGAGE & TRUST COMPANY,
TRUSTEE, v. PETER GOOS ET AL.

FILED APRIL 7, 1896.   No. 8250.

1. **Mortgages: RENTS AND PROFITS: RECEIVERS.** Although section 55, chapter 73, Compiled Statutes of Nebraska provides that "in the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof," yet it does not abrogate the power of the court to appoint a receiver, in a proper case, to collect the rents and profits from mortgaged premises, notwithstanding the mortgage contains no stipulation as to the right of possession.

2. ———: ———: APPOINTMENT OF RECEIVER PENDING APPEAL. After a confirmation of sale of mortgaged premises, and an appeal from such order by the defendant, the trial court may, in a proper case, when necessary to protect the mortgagee's interests, appoint a receiver to collect the rents pending the determination of such appeal.

3. ———: ———: RECEIVERS. *Chadron Banking Co. v. Mahoney,* 43 Neb., 214, distinguished.

4. ———: ———: ———. In an action to foreclose a mortgage, the plaintiff is entitled to the appointment of a receiver to take charge of the property and collect the rents, when it is disclosed that the mortgaged property is "probably insufficient to discharge the mortgage debt." *Jacobs v. Gibson,* 9 Neb., 380, followed.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J.

The opinion contains a statement of the case.

*Wharton & Baird,* for plaintiff in error:

The appeal by Iszard from the decree of the district court and the filing of his bond did not divest the district court of power to hear the application and appoint a receiver. (*Pasco v. Gamble,* 15 Fla.,

562; *Connelly v. Dickson,* 76 Ind., 440; *Schreiber v. Carey,* 48 Wis., 217; *Mitchell v. Roland,* 63 N. W. Rep. [Ia.], 606; *Stockman v. Wallis,* 30 N. J. Eq., 449; *Chetwood v. Coffin,* 30 N. J. Eq., 450; *Eastman v. Cain,* 45 Neb., 48.)

Under the law of Nebraska, except as otherwise provided, the mortgagor is entitled to the rents and profits and the possession of the mortgaged property until the final confirmation of the sale. (Compiled Statutes, sec. 55, ch. 75; *Yeazel v. White,* 40 Neb., 432; *West v. Conant,* 34 Pac. Rep. [Cal.], 705; *Swan v. Mitchell,* 47 N. W. Rep. [Ia.], 1043; *American Investment Co. v. Farrar,* 54 N. W. Rep. [Ia.], 361.)

After the decree had been entered, the sale confirmed, and the order of confirmation superseded by the appeal bond, the court had no power to appoint a receiver pending the appeal. (Code of Civil Procedure, sec. 266; *Chadron Banking Co. v. Mahoney,* 43 Neb., 214.)

The supersedeas bond provides for payment of waste. It therefore protects the plaintiff against unpaid taxes. (*Phelan v. Boylan,* 25 Wis., 679; *Wilkinson v. Wilkinson,* 59 Wis., 557; *Stetson v. Day,* 51 Me., 434; *Cannon v. Barry,* 59 Miss., 289; *Mehle v. Bensel,* 2 So. Rep. [La.], 202; *Sherrill v. Connor,* 12 S. E. Rep. [N. Car.], 588.)

*Cowin & McHugh, contra.*

NORVAL, J.

This is a proceeding in error to review the order of the district court refusing to appoint a receiver to collect the rents and profits of the mortgaged premises, pending an appeal to this court from an order confirming a sale. On the 23d day of June, 1894, a decree of foreclosure of the mort-

gaged premises was entered in the district court of Douglas county in favor of the plaintiff for the sum of $72,678.66, with interest on $67,000 at seven per cent, and ten per cent interest on the remainder of the amount found due by the decree. The defendant, John E. Iszard, in due time filed a written request for a stay of the order of sale for the period of nine months. Subsequently, on the 29th day of March, 1895, an order of sale was issued, the premises were appraised, and the sale thereof advertised to take place on April 30, 1895. On motion of the defendant Iszard, the appraisement was set aside by the court; a second appraisement of the property was made by new appraisers, which likewise was vacated on motion of Iszard, and a third appraisement was ordered. The premises were again appraised by other appraisers, and advertised for sale. A motion to set aside this appraisement and to remove the special master commissioner was filed by Iszard, but the same was not heard or passed upon until after the day fixed for the sale of the real estate. The property was sold under the appraisement to the plaintiff for $68,100. Iszard filed objections to the sale, which, with his motion to set aside the appraisement and to remove the special master commissioner, were overruled, and the sale confirmed August 31, 1895. Thereupon Iszard prosecuted an appeal to this court, giving a supersedeas bond in the sum of $7,000, conditioned for the prosecution of such appeal without delay, and that during the pendency of said appeal he would not commit, or suffer to be committed, any waste upon the mortgaged premises. Subsequently, on the 30th day of September, 1895, plaintiff filed its petition for the appointment of a receiver to col-

lect the rents, issues, and profits pending the appeal, setting forth in the application, in addition to the foregoing facts, that the appeal was prosecuted for delay merely; that the amount due plaintiff on his decree was $79,455.45; that the value of the property is insufficient and grossly inadequate to satisfy said sum; that the defendants have failed and neglected to pay the taxes due and delinquent on said premises; that the accrued taxes and assessments, for which the property is liable, and which the defendants have failed to pay, amount to about $3,300, and that they have neglected to keep the property insured, and the plaintiff, for the protection of its security, has been compelled to pay for premiums and insurance on said property, since the rendition of the decree of foreclosure herein, the sum of $1,867.06. Notice of the petition was duly given, and upon the hearing the application was denied and a receiver refused. A motion for a new trial was filed by the plaintiff, which was overruled. The district court of Douglas county had jurisdiction to hear and determine the application for the appointment of a receiver herein, notwithstanding such application was not made until after the decree of foreclosure had been entered, the sale confirmed, and the cause appealed to this court. (*Eastman v. Cain*, 45 Neb., 48.)

There is no controversy over the facts in this case; but the question is whether sufficient facts existed at the time the application was presented to the court below to authorize the appointment of a receiver. Section 266 of the Code of Civil Procedure provides for the appointment of a receiver in either of the following cases: "Second—In an action for the foreclosure of a mortgage,

when the mortgaged property is in danger of being lost, removed, or materially injured, or is probably insufficient to discharge the mortgage debt. Third—After judgment, or decree to carry the same into execution, or to dispose of the property according to the decree or judgment, or preserve it during the pendency of an appeal. * * * Fifth—In all other cases where receivers have heretofore been appointed by the usages of courts of equity." It is obvious the application for a receiver was not made to carry the decree of the district court into effect, nor to dispose of the property according to the decree. That had already been done. The second subdivision of section 266 of the Code authorizes the appointment of a receiver in an action to foreclose a mortgage when the mortgaged property "is probably insufficient to discharge the mortgage debt." In other words, the inadequacy in value of the premises to pay the mortgage lien thereon is alone sufficient ground to entitle the mortgagee to the appointment of a receiver to take charge of the property and collect rents accruing therefrom. (*Jacobs v. Gibson*, 9 Neb., 380; *Ecklund v. Willis*, 42 Neb., 737.)

Our attention has been called to section 55, chapter 73, Compiled Statutes, which provides: "In the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof." It is argued that, under the foregoing provision, the mortgagor, except as otherwise stipulated in the mortgage, is entitled to the rents and profits, and the possession of the mortgaged premises until final confirmation of the sale. The mortgage under which the foreclosure in this case was made is not before us; hence we are not advised of its pro-

visions. Assuming that it contained no stipulation as to the right of possession of the property, it does not follow that a receiver may not be appointed to collect the rents and profits, in case the premises are insufficient in value to satisfy the lien of the mortgage. That such power exists was held by this court in *Jacobs v. Gibson*, 9 Neb., 380. LAKE, J., speaking for the court in that case, said: "In the absence of an agreement to the contrary, we suppose no one would contend but that a mortgagor is entitled to the rents and profits of mortgaged premises until condition broken,—or, in other words, until such time as the mortgagee is authorized to proceed by action on the mortgage to subject the property to the payment of his debt. Such, doubtless, is the law. On the other hand, it is equally clear that on a condition broken, by which the mortgagee is authorized to commence foreclosure proceedings, if the property be inadequate security, he has thenceforward an equitable lien upon the rents and profits, or so much thereof as may be necessary to the security of the mortgage debt, which he may enforce by proper proceedings." (See High, Receivers, sec. 666; *Schreiber v. Carey*, 48 Wis., 208; *Pasco v. Gamble*, 15 Fla., 562; *Mahon v. Crothers*, 28 N. J. Eq., 567; *Hyman v. Kelly*, 1 Nev., 179; *Lowell v. Doe*, 44 Minn., 144.) The last case cited was an appeal from an order appointing a receiver of mortgaged real estate pending foreclosure proceedings. It was urged that under a statute of Minnesota which declares that "a mortgage of real property is not to be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure," the court had no power to appoint

a receiver to dispossess the mortgagor. The court overruled this contention, saying, after quoting the foregoing section of the statute: "The mortgagee is no longer entitled to the possession of the mortgaged premises before foreclosure by reason of his having any title or estate in the land. The mortgagor having the legal title, may without doubt remain in possession until his title is divested, unless, in the application of the established principles of equity, and consistently with the legal title remaining in the mortgagor, the court shall find it necessary to lay its hand upon the property for the protection of the equitable rights of the mortgagee. The exercise of this power by courts of equity in the past was not based upon the ground that the legal title had passed from the mortgagor to the mortgagee, but upon the equitable rights of the mortgagee to have his security preserved so that it should be adequate for the satisfaction of the mortgage debt.  *  *  *  The jurisdiction of equity in the appointment of receivers, long exercised upon grounds peculiar to courts of equity, is not to be deemed to have been taken away by the statute unless that is its necessary effect, or at least its obvious purpose. Such is not the obvious purpose or necessary effect of the statute. It is to be read in harmony with the existing principles of equity jurisprudence, if the intention to do away with the application of such principles is not manifest. *  *  *  It is very clear from the language of this statute, the meaning of which is plain, precise, and impossible to be misunderstood, that it was intended to abrogate the common law doctrine that a mortgage created an estate upon condition in the mortgagee, which, upon default in

the performance of the condition, became absolute, entitling the mortgagee to recover possession. But the language of the act expresses no more than this; and it cannot be fairly construed as abrogating, also, the power of courts of equity to afford to mortgagees such remedies for the protection of their equitable rights as, upon equitable grounds, those courts had always been accustomed to afford, and the granting of which did not rest upon the doctrine of the legal title or right of possession being in the mortgagee?" The reasoning is sound, and is equally applicable to our statute. We might cite many other cases to the same effect. Indeed, the general current of authority sustains the exercise of the power to appoint a receiver to collect rents of mortgaged premises in a proper case, though there is no stipulation in the mortgage giving the mortgagee the right of possession of the property. The case of *Yeazel v. White*, 40 Neb., 432, is plainly distinguishable, and not in the least in conflict with the foregoing authorities. There are decisions rendered under statutory provisions similar to ours which deny the power of a court to appoint a receiver to collect the rents, in the absence of such a stipulation in the mortgage. While we entertain the greatest respect for the opinions of the courts asserting the doctrine last stated, we are satisfied the reasons advanced in them are insufficient to justify us in overruling our prior adjudication on the question, especially since it is in line with the general authority in this country.

It is insisted that no power exists to appoint a receiver after decree under the second subdivision of said section 266, but that it merely authorizes one to be appointed while the case is pending and

undetermined in the district court. The case of *Chadron Banking Co. v. Mahoney*, 43 Neb., 214, is cited by counsel to sustain this contention. That case lacks analogy. There the petition in foreclosure prayed the appointment of a receiver to collect the rents pending the action, but no hearing was had on the application for receiver until the final decree was entered, when one was appointed, before an appeal was taken or an application was made for a stay of the order of sale. It was held, and, we think, rightly, there was no occasion for making the appointment, and the order was reversed. IRVINE, C., speaking for the court, observed: "But this order was made a part of the final decree; no appeal had been taken; no steps had been taken towards instituting an appeal. It is possible, though this we do not decide, that in some cases a receiver might be appointed pending a stay of execution, but no stay had been asked for. For all that appeared when this receiver was appointed, the mortgagees might have proceeded in twenty days (the time fixed for redemption) to sell the property." In the case at bar no application for the appointment of a receiver was filed or presented to the court until the defendant had prosecuted an appeal to this court from the order confirming the sale. The appeal had at that time been perfected, and a supersedeas bond given, so the plaintiff could not reap the benefit of the decree. When this application was made there existed sufficient reason why the appointment should be made. The property was insufficient to pay the mortgage, and there will be a large deficiency judgment. The cause was then pending and undetermined on appeal, and according to the rules and practice which obtain

in this court, such appeal could not be heard on its merits for two years. In the meantime the mortgage debt increases, the defendant collects the rents, amounting to $5,000 per annum, which he pockets, and refuses to insure the mortgaged premises, or pay the accruing taxes against the property. It will be observed that section 266 of the Code does not provide when the application for a receiver may be made, whether before or after judgment, except that the third subdivision provides for the appointment of a receiver after judgment or decree, for certain purposes. As has already been stated, we have decided in *Eastman v. Cain*, 45 Neb., 48, that the district court possesses jurisdiction to appoint a receiver in a foreclosure case to collect the rents, although the application therefor is made after an appeal has been taken on the merits to this court. Had no appeal been prosecuted from the order of confirmation, doubtless a receiver could not be appointed merely to collect the rents; but an appeal having been perfected, the action must be regarded as still pending for the purpose of appointing a receiver of the rents and profits of the mortgaged property. (*Brinkman v. Ritzinger*, 82 Ind., 358; *Connelly v. Dickson*, 76 Ind., 440; High, Receivers, sec. 110; *Merrill v. Elam*, 2 Tenn. Ch., 513; *Moran v. Brent*, 25 Gratt. [Va.], 104; *Adkins v. Edwards*, 83 Va., 316; *Schreiber v. Carey*, 48 Wis., 208; *Beard v. Arbuckle*, 19 W. Va., 145; *Hutton v. Lockridge*, 27 W. Va., 428; *Astor v. Turner*, 11 Paige Ch. [N. Y.], 436.) The fact that the mortgaged premises are of insufficient value to pay the amount of plaintiff's claim, and costs, coupled with the further facts that the order confirming the sale may possibly be reversed, that the de-

fendant is collecting the rents and refuses to apply the same on the decree, or in payment of the taxes and assessments against the property, or to keep the premises insured, and the liability of the real estate being sold for the non-payment of said taxes, justify the appointment of a receiver. As was aptly said by Taylor, J., in delivering the opinion of the court in *Schreiber v. Carey, supra:* "We think the facts in this case show that the mortgagor, by his willful neglect in not paying the taxes, is casting a burden upon the mortgaged estate which equity demands he should discharge. It is clearly a want of good faith on the part of the mortgagor to neglect to pay the interest on the mortgage debt or to pay the taxes upon the mortgaged property, and yet remain in possession and appropriate all the profits of the use of the estate to his own purposes." The cases already cited fully sustain the right of the plaintiff to have a receiver appointed.

It is argued by the defendant that the plaintiff is protected against any possible damages by reason of the non-payment of the taxes, by the supersedeas bond given in the appeal taken from the order of confirmation. This bond is conditioned that appellant "will not during the pendency of such appeal commit, or suffer to be committed, any waste upon such real estate." Authorities are cited to the effect that non-payment of taxes constitutes waste. If we accept the reasoning of the decisions relied on by counsel, the defendant Iszard had committed waste upon the mortgaged premises, and it is clear that the commission of waste is sufficient ground to authorize a court of equity to appoint a receiver to take possession of the mortgaged property pending an appeal. Even

though the supersedeas bond is broad enough to cover the non-payment of taxes, which we do not determine, still that is no reason for refusing a receiver. The plaintiff is entitled to have his debt satisfied out of the property pledged as security for its payment, without being forced to resort to other remedies he may have. The statute authorizes the appointment of a receiver in an action of foreclosure when the mortgaged premises are "probably insufficient to discharge the mortgage debt." In the case at bar there is no room for doubt that the property is wholly inadequate to pay the amount of the decree. We must not be understood as holding that the plaintiff would be entitled to the rents and profits accruing from the property pending the appeal from the order of confirmation, in case such order should be affirmed. What we do decide is that the rents should be impounded and retained to await the further order of the lower court in the premises.

It was suggested on the argument that the real estate in controversy was Iszard's homestead. Whether in any case a receiver can be appointed to take possession of the mortgagor's homestead pending foreclosure proceedings is unnecessary to decide, since that question is not presented by this record.

The order refusing a receiver is reversed, and the cause remanded with directions to the district court to appoint some suitable person receiver to collect the rents and profits of the mortgaged premises.

REVERSED AND REMANDED.