H. R. NEITZEL ET AL. V. ROBERT LYONS.

FILED JUNE 16,'1896.   No. 8457.

1. Parties: WAIVER OF OBJECTIONS: REVIEW.   Where a stranger filed a
   motion in a pending case in the district court showing that he was
   directly interested in the subject-matter of the litigation, and a
   hearing of this motion was had without any objection that such
   motion was not presented by a party to the action, *held*, on error
   proceedings to review the ruling made on such motion, that the
   parties who resisted the motion solely on its merits thereby
   waived all rights of objection to such motion not being originally
   presented by a proper party.

2. Receivers: APPOINTMENT: EVIDENCE.   The evidence examined, and
   *held* not to justify the overruling of the motion to vacate the ap-
   pointment of receiver.

ERROR from the district court of Cass county.   Tried
below before RAMSEY, J.

*John A. Davies* and *Samuel M. Chapman*, for plaintiffs in
error.

*Mockett & Polk*, *contra*.

RYAN, C.

In the district court of Cass county a motion to dis-
charge the receiver of the State Bank of Murdock was
overruled, and from this order this error proceeding is
prosecuted.   The receiver was appointed upon the peti-
tion of Robert Lyons.   In substance, the averments of
the petition were that the defendant, the State Bank of
Murdock, a corporation, is engaged in a general banking
business in the town of Murdock, in Cass county; that its
capital stock is $25,000, of which thirty per cent is paid
up; that plaintiff owns thirty shares of this stock, of the
par value of $100 per share; that G. H. Weidman is the
president and H. R. Neitzel is cashier of defendant; that
said bank has been and still is grossly mismanaged; that
the officers of said bank have through mismanagement

wasted and lost to the stockholders $2,500 of the capital stock; that the officers of said bank have borrowed money for said bank without authority from the directors, and said H. R. Neitzel has hypothecated notes belonging to said bank for his own personal use, and has made false reports of said bank and its loans and discounts to the state banking board; that said Neitzel has failed in every particular to properly conduct the business of said bank, and has made collections and remitted only a portion of the proceeds, retaining the balance for his own use and the use of the bank, greatly to the injury of the good name of the bank, and by his treatment of customers he has driven the depositors out of the bank, so that said bank is running at a loss and jeopardizing the interests of the depositors; that by reason of the mismanagement herein set out the capital stock of plaintiff will be entirely lost to him and he has no remedy at law, and unless this honorable court appoint a receiver to take possession of and wind up the business of said bank, plaintiff will suffer a great and irreparable loss, and that the state banking board had ordered that the capital stock of said bank be reduced or that a receiver be appointed. The prayer of this petition was as follows: "Wherefore plaintiff prays that a receiver may be appointed by this honorable court to take charge of the affairs of said defendant bank and wind up its business, and to collect and receive its assets and pay all its depositors and creditors equally and justly, and perform all orders of the court herein, and for such other and further relief as in justice and in equity the plaintiff may be entitled to." This petition was filed March 5, 1896, and on the same day there was likewise filed a motion for the appointment of a receiver, upon the grounds at length stated in the petition. Without a summons being asked or issued there was, on March 5, 1896, filed with the clerk of said district court the following document:

"WAIVER OF NOTICE AND VOLUNTARY APPEARANCE.

"Comes now the defendant, the S⸱ ⸱te Bank of Murdock, and waives the issuance and service of notice herein and time of notice in the above entitled cause, and consents to the appointment of Dexter M. Quackenbush as receiver of the property of the defendant as prayed in the petition, and consents that such appointment may be peremptorily made without notice.

"Dated this 5th day of March, 1896.

"STATE BANK OF MURDOCK,

"By G. H. WEIDMAN,

*"President."*

On the date of the filing of the above petition, motion, and appearance an order was made at chambers appointing Dexter M. Quackenbush receiver of the defendant bank. On March 12, 1896, H. R. Neitzel, cashier of the aforesaid bank, filed his motion to vacate the order whereby the receiver had been appointed. Of the filing of this motion notice was given Robert Lyons and the receiver. On March 30, 1896, the court overruled the motion to discharge the receiver and ordered stricken from the files the affidavits of certain parties in support of it, among which was that of C. F. McGrew, one of the bank examiners of this state. By the affidavit of Mr. McGrew it was made to appear that the bank was solvent; that the note of the cashier therein had been permitted by the banking board to be given to reduce the amount of the real estate, furniture, and fixtures carried by said bank in excess of the amount permitted by law, and that the requirement of the state banking board was to cover this excess. By none of the affidavits submitted was there attempted to be shown any misconduct of Mr. Neitzel, the cashier.

The first point made by the defendant in error, Robert Lyons, is that plaintiff in error, the bank, filed its motion without previous leave of the court, and the same objection is urged against the affidavits submitted in support

of this motion. This motion and these affidavits were considered by the district court without any objection being made by Mr. Lyons, so far as this court can find in the record. After the motion had been submitted, and contemporaneously with the ruling on said motion, the district court, reciting that its action was on the motion of plaintiff Lyons, ordered the affidavits stricken from the files; but the motion to set aside the order by which the receiver had been appointed, and in support of which the stricken affidavits had been filed, was held to present nothing for consideration, because it had been filed without leave of court. This recitation did not change the status of this motion and the waiver by the adverse party of any right to object to a review of this order under the rule laid down in *Chadron Banking Co. v. Mahoney*, 43 Neb., 214. As the affidavits ordered stricken from the files have been duly preserved by a bill of exceptions, they are properly before us with reference to their competency, materiality, and relevancy with respect to the ruling called in question. As has already been stated, one of these affidavits showed that the bank was solvent, and there was no attempt to show that its cashier had been guilty of any misconduct. Others of these affidavits were made by stockholders of the bank, and one was made by its said cashier. Each of these affiants stated that the affiant was opposed to the appointment of a receiver and objected to Mr. Quackenbush especially, for the reason that he was an officer of a rival bank in the same county. It would seem that there was sufficient evidence to establish the fact that previous to the time that Mr. Weidman assumed to enter the bank's appearance in this action he had tendered his resignation, but as there was no showing that this resignation had been accepted, it may be that he was still its president. The court found that at the time of consenting to the appointment of the receiver he was president, and we shall accept the fact as settled.

It was shown on the hearing, by the affidavit of Robert

Lyons and of G. H. Weidman, that the affairs of the defendant bank were managed by a board of three directors. At the time the receiver was appointed the members of this board were Robert Lyons, H. R. Neitzel, and G. H. Weidman. The plaintiff was one of these directors who alleged in his petition that "Said defendant bank has been and still is grossly mismanaged, and that the officers of said bank have through mismanagement wasted and lost to the stockholders $2,500 of the capital stock," and that "the officers of said bank have borrowed money for said bank without authority from the directors." In connection with these averments, and immediately following them, there were charges against the cashier, in support of which there was no attempt to make proof. To this petition an appearance was entered by another of the three directors, who was the president of the bank, and there was by him a consent that the receiver might be appointed, the issuance and service of summons and time being expressly waived. Here was one director charging gross mismanagement by the officers of the bank, another director entering an appearance and consenting to the relief prayed, and an order at chambers made on the same day without the knowledge of the third director. The affidavits showed no act of the cashier which was not for the bank's interest, and we cannot countenance an arrangement between his associate managing officers whereby it would seem that their own mismanagement must be treated as grounds justifying the placing of the bank in the hands of the receiver, against the protest of interested stockholders. The appointment of this receiver was not at the instance of a creditor of the bank; neither was it upon the suggestion of the state banking board. It appears from the affidavit of Mr. McGrew that this bank is solvent. The petition was filed by a stockholder as such, and the appointment of a receiver could be had solely upon equitable grounds. The official relation which Mr. Lyons sustained to the bank and the manner in which the order

complained of was obtained did not entitle him to have
the bank wound up by a receiver, regardless of the wishes
or interests of other stockholders of the bank.   The order
of the district court overruling the motion to vacate the
order appointing D. M. Quackenbush receiver of the
State Bank of Murdock is reversed, and the cause is re-
manded for further proceedings not inconsistent with
the views above expressed.

REVERSED AND REMANDED.