P. I. BONEBRAKE, *as Executor, etc.,* v. BARBARA TAUER.

No. 13,142.  (72 Pac. 521.)

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed May 9, 1903.  Affirmed.

*Bergen & Dana,* for plaintiff in error.

*Eugene Hagan,* and *Rossington, Smith & Histed,* for defendant in error.

*Per Curiam:* Barbara Tauer presented a claim to the probate court of Shawnee county, Kansas, against the estate of Sarah Ann Sells, for services rendered to the deceased as companion, nurse, housekeeper, secretary, seamstress and servant from November 1, 1891; until April 25, 1901, under a promise and agreement that the said Sarah Ann Sells would compensate the plaintiff for such services by an adequate provision in her will, which she failed and neglected to do.  The case was tried in the probate court to a jury, and after verdict and judgment there appealed to the district court, where it was retried and a verdict and judgment rendered for the plaintiff.  In the district court new pleadings were required to be filed, and a motion to make the plaintiff's petition more definite and certain was overruled.  In view of the fact that a trial had already been had upon the issues presented by the petition in the district court, no prejudicial error was committed in overruling the motion.

In the district court the answer of the defendant admitted the fact that the will of Mrs. Sells contained no provision whatever for the benefit of the plaintiff.  Upon the trial the will was admitted in evidence, over seasonable objection.  Since no issue was made upon its provisions, it was not necessary that this be done, but the proof of a fact admitted by the pleadings is harmless error.  ( *Consaul v. Sheldon,* 35 Neb. 247, 52 N. W. 1104; *Fitzgerald v. School District No. 20,* 5 Wash. 112, 31 Pac. 427; *Stepp v. National Association,* 37 S. C. 417, 16 S. E. 134; *School District v. McComb,* 18 Colo. 240, 32 Pac. 424; *Benton v. Nicoll,* 24 Minn. 221; *Chadron Banking Co. v. Mahoney,* 43 Neb. 214, 61 N. W. 594; *Hawkins v. Pocatello Water Co.,* 3 Idaho, 766, 35 Pac. 711, 712.)

Unless, therefore, some positive prejudice be shown, the judgment will not be reversed for the admission of the will in evidence.  Nothing of the kind appears.  The argument

that the failure of the will to make provision for certain persons, supposed to be natural objects of the testatrix's bounty, might have led the jury to increase the compensation of the plaintiff is purely conjectural and even fanciful. While the will disclosed to a certain extent an estate of considerable magnitude, it gave no certain evidence of its amount and value, and, even if it did, it was proper for the plaintiff to prove the nature and extent of the interests over which at times she had at least partial supervision in the discharge of her duties. Besides this, the court instructed the jury that the fact that Sarah Ann Sells may have left a large estate should not control their verdict.

The evidence relating to the plaintiff's opposition to Mrs. Sells's marriage to Simon Greenspan, and the latter's treatment of her, had a direct bearing upon the controversy in that it furnished a reason why no provision was made for her in the will, thereby tending to overcome the reasonable presumption that Mrs. Sells would have provided for her in the will had she agreed to do so.

The court correctly instructed the jury upon the matter of services which might have been rendered for Allan Sells in the Sells hotel, thereby withdrawing from consideration any testimony which might be construed as relating to services which might have been performed for any one except the plaintiff's employer.

The fact that Mrs. Sells's husband might be liable for necessary services rendered to her did not preclude the latter from making any contract which she saw fit in respect to those matters to be compensated out of her own estate.

Statements made by Mrs. Sells to others as to what she proposed to do for the plaintiff by will tended to prove the contract sued upon, concerning which the plaintiff herself was an incompetent witness.

The fact that the jury might be influenced in their verdict because they might not approve the disposition of property made by the will was too remote to require a special instruction.

No material error was committed in proving the value of plaintiff's services, or in respect to other matters complained of, and the judgment of the district court is affirmed.