AURORA BUILDING & LOAN ASSOCIATION, APPELLEE, V., GRAND ISLAND CULVERT & METAL WORKS, APPELLANT.

FILED NOVEMBER 24, 1933. No. 28677.

*Charles F. Adams* and *Lloyd W. Kelly*, for appellant.

*Craft, Edgerton & Fraizer*, contra.

Heard before GOSS, C. J., ROSE and PAINE, JJ., and BEGLEY and HORTH, District Judges.

ROSE, J.

In a suit to foreclose a mortgage on residence property in the city of Aurora, plaintiff prayed also for the appointment of a receiver on the ground that the encumbered real estate was probably insufficient to satisfy the debt due plaintiff. The petition was filed July 9, 1932. Defendant waived the right to defend against foreclosure but resisted the appointment of a receiver. A decree of foreclosure was entered August 18, 1932, and at the same time a receiver was appointed. From the order appointing a receiver, defendant appealed.

The appeal presents the question: Did the district court err in appointing a receiver when the decree of foreclosure was entered August 18, 1932, on the ground that the mortgaged property would probably not sell for enough to satisfy plaintiff's lien? Defendant had not then taken a stay and never appealed from the decree of foreclosure. The sheriff subsequently sold the property for $829.44, a sum equal to the debt, interest and costs, and the sale was

confirmed June 23, 1933. On the record presented the following precedent controls the decision herein:

"In an action to foreclose mortgages where the petition prayed for the appointment of a receiver pending the action, but the application was not heard until final hearing, the court erred in appointing a receiver upon the final hearing, before the institution of an appeal or an application for a stay." *Chadron Banking Co. v. Mahoney,* 43 Neb. 214. See, also, *Philadelphia Mortgage & Trust Co. v. Goos,* 47 Neb. 804.

The order appointing the receiver is therefore

REVERSED.