ESTATE OF CHARLES S. TETHEROW, DECEASED, ET AL., APPELLEES, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

226 N. W. 2d 116

Filed February 13, 1975. No. 39582.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and John E. Brown, for appellant.

W. Gerald O'Kief and Laurence N. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an eminent domain proceeding commenced by the State of Nebraska, Department of Roads, as condemner. The condemner was dissatisified with the award by the appraisers and filed and served, as required by the provisions of section 76-715.01, R. R. S. 1943, notice of intention to appeal to the District Court. Later, upon motion by the condemnees and after issues had been made up in the District Court, that court dismissed the condemner's appeal. The condemner then perfected its appeal to this court. We reverse and remand for further proceedings.

The questions for decision in this court pertain to: The manner in which the issues were made up in the District Court and the responsibility of the parties in that respect; determination of what steps are jurisdictional; and the propriety of the exercise of discretion by the District Court in dismissing the appeal. An understanding and the determination of the issues require a summary of the proceedings which took place in the District Court as well as an examination of the contents. and history of the pertinent statutes.

The award of the appraisers was returned to the county court on April 25, 1973. The condemner filed and served notice of appeal on May 21, 1973, well within the 30-day period from the filing of the appraisers' award specified by section 76-715.01, R. R. S. 1943. The county judge prepared and delivered to the District Court on June 1, 1973, the transcript of proceedings. This is within the 30-day period from the filing of no-

tice of appeal specified by section 76-717, R. S. Supp., 1974. On July 5, 1973, the condemner filed in the District Court a motion asking the District Court to require the condemnees "to file their Petition as required by law." On July 25, 1973, this motion was heard by the District Court and it entered an order which recited: ". . . Plaintiffs [the condemnees] without contest requested ten (10) days to file the said Petition." The order then directed the filing of the petition within 10 days. Condemnees, pursuant thereto, filed the petition on August 2, 1973. On August 9, 1973, the condemnees filed a motion asking the court to dismiss the condemner's appeal "for the reason that the State of Nebraska failed to file a Petition herein as required by law within the fifty (50) days." On September 10, 1973, the condemner filed its answer to the petition of the condemnees. The cause was then at issue. On September 12, 1973, the condemnees' intervening motion to dismiss was heard by the court and overruled. On April 16, 1974, the day the matter was set for trial, at the time the prospective jurors were to arrive at the courthouse, the condemnees filed another motion to dismiss the condemner's appeal for failure to comply with the statutes, "particularly 76-717 Nebraska Code relative to the manner of taking an Appeal to the District Court." This motion was granted.

The condemnees here contend that it was the duty of the condemner as the appealing party to file the petition, and since it did not do so, the District Court properly dismissed the appeal even though the matter was at issue, the condemnees having filed a petition and the condemner an answer. An examination of the statutes and the prior decisions of this court requires a determination adverse to the condemnees' contentions.

In 1951 the Legislature enacted L. B. 146, now Chapter 76, article 7, R. R. S. 1943, which provided for a uniform procedure of exercising the power of eminent do-

main. Among other things, the act provided that "Either condemner or condemnee may appeal from the assessment of damages by the appraisers," and that the appeal is taken "by filing a notice of appeal with the county judge within thirty days from the date of filing of the report of appraisers." § 76-715, R. R. S. 1943.

As originally enacted the act provided, among other things, that: "The proceeding shall be docketed in the district court, showing the party first appealing as the plaintiff and the other party as the defendant. After docketing of the appeal, the issues shall be made up and tried in the district court in the same manner as an appeal from the county court to the district court in a civil action." Laws 1951, c. 101, § 17, p. 456; § 76-717, R. R. S. 1943.

In 1961 the quoted portion of the statute was amended to provide: "When notice of appeal is filed by both the condemner and the condemnee, such transcript shall be prepared only in response to the first notice of appeal; the transcript prepared in response to the second notice of appeal shall contain only a copy of such notice and the proceedings shall be docketed in the district court as a single cause of action. The proceeding shall in all cases be docketed in the district court, showing the condemnee as the plaintiff and the condemner as the defendant." Laws 1961, c. 369, § 2, p. 1142. In that amendment the sentence which followed, "After docketing of the appeal, the issues shall be made up and tried in the district court in the same manner as an appeal from the county court to the district court in a civil action," was unchanged.

In 1973, the Legislature again amended section 76-717, R. R. S. 1943. The last sentence quoted in the preceding paragraph of this opinion was stricken and the following substituted: "The appeal shall be tried de novo in the district court." § 76-717, R. S. Supp., 1974. The provision as to the manner of docketing the appeal,

that is, "showing the condemnee as the plaintiff and the condemner as the defendant," was not changed.

It now becomes necessary to examine the history of the application of section 76-717, R. S. Supp., 1974. In 1954 we first interpreted that section and in an opinion by Simmons, C. J., meticulously defined the appeal procedure, pointing out that this section of the statutes incorporated sections 24-544, 27-1303, 27-1305, and 27-1306, R. R. S. 1943. City of Seward v. Gruntorad, 158 Neb. 143, 62 N. W. 2d 537. At that time the statute, section 76-717, R. R. S. 1943, still provided: "The proceeding shall be docketed in the district court, showing the party first appealing as the plaintiff and the other party as the defendant." Section 27-1305, R. R. S. 1943, one of the incorporated statutes, provided: "The plaintiff in the court below shall be the plaintiff in the district court . . . ." Section 27-1306, R. R. S. 1943, provided that: "In all cases of appeal from the county court or a justice of the peace, the plaintiff in the court below shall, within fifty days from and after the date of the rendition of the judgment of the court below, file his petition as required in civil cases in the district court, and the answer shall be filed and issue joined as in cases commenced in such appellate court." In City of Seward v. Gruntorad, *supra,* Gruntorads, the condemnees, were the parties first appealing. The condemnees argued that section 27-1306, R. R. S. 1943, could not be applied because the condemnees were not the plaintiffs below. The court held that section 76-717, R. R. S. 1943, made them the plaintiffs and that it was therefore necessary for the condemnees to file the petition within the time provided by the statute. In that case the question was not so much who was to file the petition, but whether the time within which the petition was to be filed applied. The opinion in that case made crystal clear what the procedural steps were. It further held that the failure to file the petition in the District Court did not affect or defeat jurisdiction.

The legislative history of the 1961 amendment, providing that in docketing the case in the District Court the condemnee shall in all cases be shown as plaintiff and the condemner as defendant and that only one transcript shall be filed even though both parties filed notice of appeal, indicates that it was designed to avoid the docketing of two separate cases and the filing of two sets of pleadings in order to bring the case to issue. It does not necessarily determine the question of which party files the first pleading.

The legislative history of the 1973 amendment to section 76-717.01, R. R. S. 1943, indicates that it was motivated by a concern that L. B. 1032, Laws 1972, may have had the result of incorporating in section 76-717, the new procedure for appeal from the county court to the District Court and that this might result in a contention that in eminent domain cases there could be no trial de novo in the District Court. Such concern from the legal standpoint was wholly without foundation for reasons founded upon principles of statutory construction which we cite later in this opinion and which are related to the principles of incorporation discussed in City of Seward v. Gruntorad, *supra*. L. B. 1032 did not purport to amend section 76-717, R. R. S. 1943, in any way. It does not even mention it. L. B. 1032 did repeal old section 24-544, and sections 27-1303, 27-1305, and 27-1306, R. R. S. 1943. However, that repeal was totally ineffectual insofar as the incorporation of those procedural statutes by section 76-717, R. R. S. 1943, as adopted in 1951 is concerned. The rule is that where one statute refers to another and incorporates it, which incorporated statute is subsequently repealed, the statute repealed, having been incorporated as part of the one referring to it, remains in force so far as the adopting statute is concerned. Hanson v. City of Omaha, 157 Neb. 768, 61 N. W. 2d 556. That principle applies here. The statutes defining the time and method of docketing and framing the issues on the appeal to the District Court from the

award of the appraisers and incorporated in section 76-717, R. S. Supp., 1974, by reference were not, by the repeal in L. B. 1032, under the principles stated in Hanson v. City of Omaha, *supra,* changed insofar as they pertain to the appeal from the award of the appraisers.

It might be argued that the 1973 amendment, by eliminating the sentence pertaining to making up the issues, evidenced a legislative intent to discontinue the incorporation of repealed Chapter 27 into the procedure for appealing an appraiser's award. The change, however, was not intended to have such a result. The amendment provides for an appeal de novo. This is simply a reiteration of the effect of the earlier version of the statute but stated in different language. Any determination otherwise would have the result of leaving the appeal procedure totally undefined. It is apparent that the Legislature had no such intention. The proceeding before the appraisers is not a trial. No evidence is received and no record is made. The hearing is before the appraisers, not the county court. The function of the court in such cases is administrative only. Issues are framed for the first time in the District Court. Jensen v. Omaha Public Power Dist., 159 Neb. 277, 66 N. W. 2d 591; Higgins v. Loup River Public Power Dist., 157 Neb. 652, 61 N. W. 2d 213; Scheer v. Kansas-Nebraska Natural Gas Co., Inc., 158 Neb. 668, 64 N. W. 2d 333; Neumeyer v. Omaha Public Power Dist., 188 Neb. 516, 198 N. W. 2d 80. The Legislature did not intend to make the determination of the appraisers final.

It is true that the 1961 and 1973 amendments do not expressly deal with the problem of which party files the first pleading. The condemnees argue that since they are not the appealing party, they should not have to file the petition in the District Court for this requires them to do the appealing party's work. If this were the case it would not be a new or strange procedure. That is what the literal language of section 27-1306, R. R. S. 1943, required and it was uniformly so applied from the

beginning in appeals from judgments of the county court. The plaintiff was required to file the petition even though the defendant appealed. Beard v. Ringer, 41 Neb. 831, 60 N. W. 95; In re Estate of Lindekugel, 148 Neb. 271, 27 N. W. 2d 169; Satterfield v. Estate of Buell, 175 Neb. 473, 122 N. W. 2d 247. That procedure was followed even when in appeals in certain types of proceedings this court had to make a determination as to who was plaintiff in the county court. In re Estate of Kothe, 131 Neb. 780, 270 N. W. 117. The eminent domain act of 1951 changed the application of section 27-1306, R. R. S. 1943, by making the appealing party or the party first appealing the plaintiff and making it his duty to file the petition. City of Seward v. Gruntorad, *supra*, so held. As we see it, none of the subsequent amendments changed this procedure. The 1961 amendment merely changed the designation of parties and the condemnee became the nominal plaintiff irrespective of who was appealing. As already noted, the legislative history indicates that the purpose of this change was to avoid confusion as to designation of parties in docketing and to eliminate the docketing of two causes and the filing of two sets of pleadings where both parties appealed. It appears not to have been concerned at all with changing procedure as to bringing the cause to issue, that is, the party first appealing continued to have the burden of filing the first pleading in the District Court. This appears to have been the practice even where both parties appealed and each party called his pleading a petition. See 5 Moore Neb. Pract., §§ 3588, 3590, pp. 251, 253. See, also, Neumeyer v. Omaha Public Power Dist., *supra*. Neither did the 1973 amendment bear on this point.

We hold that the procedure laid out by Simmons, C. J., in City of Seward v. Gruntorad, *supra*, still applies. The party first appealing has the burden of filing the petition. The filing of the petition is not a jurisdictional step. City of Seward v. Gruntorad, *supra*; Neumeyer v.

Omaha Public Power Dist., *supra*. However, in the absence of a showing of good cause, failure to file at the time required may, as the two cited cases and others hold, subject the appeal to dismissal in the exercise of sound discretion by the District Judge.

Does the record show an abuse of discretion by the District Judge in this instance? We find that it does. The record shows that the trial court overruled the first motion of the condemnees to dismiss and then the condemnees, in response to the condemner's motion to require them to file a petition, made no objection and did file a petition. The condemner then filed an answer and the case was then at issue, even though because of the initial erroneous ruling by the court the burden of filing the petition had been placed on the wrong party. It was not until the day trial was to commence that the court ruled on the second motion to dismiss and reversed its earlier ruling. We feel that to dismiss for a non-jurisdictional reason after the appealing party's default has in effect been remedied by action of the parties and that action ratified by an order of the court is, in fact, an abuse of discretion especially where, as here, there is no claim of prejudice.

One other contention of the condemnees will be noted. They assert that when the condemner is the appealing party, his failure to file a petition is a jurisdictional defect because it is the duty of the condemner to allege that it has made a bona fide attempt to agree with the owner before commencing the eminent domain proceedings and if it has not done so no cause of action is stated. They cite Prairie View Tel. Co. v. County of Cherry, 179 Neb. 382, 138 N. W. 2d 468. It is true, of course, that the condemner must so allege and also prove the allegation if it is denied. In this case the condemner did so allege in its answer in the District Court as well as in its petition to the county court for appointment of appraisers. However, the issue, if controvered, may be decided only in the District Court. Higgins v. Loup River Public

Power Dist., *supra*; Jensen v. Omaha Public Power Dist., *supra*; Scheer v. Kansas-Nebraska Natural Gas Co., Inc., *supra*. In Prairie View Tel. Co. v. County of Cherry, *supra*, a motion for summary judgment was filed and a showing made thereon. The pleadings were pierced and it was determined that no attempt to agree had been made. If failure to make an attempt to agree is an issue in this case, it may be determined on remand.

REVERSED AND REMANDED.

BOSLAUGH, J., concurs in the result only.