HARRIS L. NELSON, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

320 N.W.2d 444

Filed June 4, 1982. No. 81-845.

George A. Sommer, for appellant.

Paul L. Douglas, Attorney General, and Warren D. Lichty, Jr., and John P. Regan, for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is an appeal from an award of appraisers in a condemnation action in the county of Scotts Bluff,

Nebraska. The notice of the award of the appraisers was made on November 15, 1978. The bond and notice of appeal were filed on December 11, 1978.

The petition on appeal was not filed until July 1981. On a motion by the State to dismiss for failure to timely file a petition on appeal, the court entered an order dismissing the plaintiff's appeal. A motion for new trial was filed and was overruled. Plaintiff prosecutes this appeal.

It is well settled that a petition on an appeal from the award of the appraisers in an eminent domain proceeding must be filed by the party first appealing within 50 days of the date of the filing of the notice of appeal. Neb. Rev. Stat. § 27-1306 (Reissue 1964). *Estate of Tetherow v. State,* 193 Neb. 150, 226 N.W.2d 116 (1975); *Jensen v. Omaha Public Power Dist.,* 159 Neb. 277, 66 N.W.2d 591 (1954).

In the absence of a showing of good cause, failure to file the petition on appeal in an eminent domain proceeding at the time may subject the appeal to dismissal in the exercise of sound discretion by the trial court. Neb. Rev. Stat. § 27-1307 (Reissue 1964); *City of Seward v. Gruntorad,* 158 Neb. 143, 62 N.W.2d 537 (1954).

Plaintiff's counsel, who had acted as such through all of the proceedings, including the proceedings in the county court, testified at length of the many litigation matters that were being handled by him for the plaintiff. The petition on appeal was very simple. Plaintiff offers no excuse except that he had difficulty locating an appraiser to testify as to values and that he was of the impression that a petition on appeal need not be filed. We previously held, in *Jensen v. Omaha Public Power Dist., supra,* that the fact that counsel is misinformed or uninformed as to the requirements of filing a petition on appeal in the District Court is not a showing of good cause within the meaning of the statute. No other suitable ex-

cuse relating to the failure to file a petition on appeal was offered. This is an obvious case of gross neglect by counsel, and the trial court did not abuse its discretion in dismissing the appeal for failure to file a petition for 2½ years after the notice of appeal was given.

The judgment of the District Court is affirmed.

AFFIRMED.