339 N.W.2d 751 (1983)
215 Neb. 504
Charles R. SINGLETON and Betty Mae Singleton, husband and wife, Appellees and Cross-Appellants,
v.
SOUTH PLATTE NATURAL RESOURCES DISTRICT, Appellant and Cross-Appellee.
No. 82-703.
Supreme Court of Nebraska.
November 4, 1983.
*752 George P. Burke of Van Steenberg, Myers & Burke, Kimball, for appellant and cross-appellee.
Walter H. Radcliffe, Lincoln, for appellees and cross-appellants.
KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and BRODKEY, J., Retired, and MURPHY, JOHN, District Judge.
KRIVOSHA, Chief Justice.
South Platte Natural Resources District (District) has appealed from a judgment entered in the District Court for Kimball County, Nebraska, awarding damages to the appellees, Charles R. and Betty Mae Singleton, for certain property condemned by the District, listing several assignments of error. The Singletons have cross-appealed. Because we determine that the District's first assignment of error, to the effect that the trial court should have sustained the District's motion to dismiss, was correct, we need not consider any of the other assignments nor the cross-appeal.
Those facts necessary for our consideration of the instant appeal disclose that in February of 1978 the District proceeded to condemn certain real estate owned by the Singletons in Kimball County, Nebraska. As a result of that condemnation proceeding, the Singletons were awarded $80,000 in damages. On May 8, 1978, the Singletons filed a notice of appeal in the county court of Kimball County, Nebraska. On the same date, they filed their praecipe for transcript and their appeal bond. Thereafter, on July 3, 1978, 56 days after they filed their notice of appeal, the Singletons filed their petition on appeal in the District Court for Kimball County, Nebraska. On July 13, 1978, the District filed a motion to strike the petition *753 of the Singletons and to dismiss their appeal on the grounds that the Singletons had failed to file their petition within 50 days after the filing of the notice of appeal in the county court, as required by statute. On August 29, 1978, the Singletons filed an application for permission to file a petition on appeal instanter. The District Court, without taking evidence, granted leave to file the petition on appeal instanter on August 31, 1978, and the appeal proceeded to trial.
In the case of Estate of Tetherow v. State, 193 Neb. 150, 226 N.W.2d 116 (1975), we held that even though 1972 Neb.Laws, L.B. 1032, repealed the provisions of Neb. Rev.Stat. §§ 27-1305 and 27-1306 (Reissue 1964), the requirements of those sections with regard to perfecting an appeal in a condemnation case still applied; therefore, the party first appealing to the District Court in an eminent domain proceeding must "within 50 days from the date of the filing of the notice of appeal, file as plaintiff the petition in the district court." (Emphasis supplied.) Jensen v. Omaha Public Power Dist., 159 Neb. 277, 282, 66 N.W.2d 591, 595 (1954). There was no question that in 1978, when this appeal was perfected, the Singletons were required to file a petition on appeal within 50 days after the filing of the notice of appeal. See, also, City of Seward v. Gruntorad, 158 Neb. 143, 62 N.W.2d 537 (1954). The record clearly shows that the Singletons failed to file their petition within the 50-day period.
The Singletons argue that their failure to file the appeal within the 50-day period should be disregarded for two reasons. They argue that the court can always "on good cause shown" grant permission to file the petition on appeal out of time. See Neb.Rev.Stat. § 27-1307 (Reissue 1964). We agree with that statement as it applied under the law in effect in 1978. Furthermore, we agree that, absent a showing of an abuse of discretion, this court will not ordinarily set aside a determination by the District Court as to whether or not good cause has been shown. See Neumeyer v. Omaha Public Power Dist., 188 Neb. 516, 198 N.W.2d 80 (1972). The difficulty, however, in the instant case is that the record fails to disclose any showing of good cause upon which the court could act, and therefore its action must, of necessity, have been an abuse of discretion. The only evidence of good cause is contained in the Singletons' application to the court. The application alleges that: "1. The plaintiffs duly filed their appeal bond herein and thereafter duly filed their transcript herein within the times required by law.
"2. That plaintiffs did not file their petition within 50 days required by Section R.S. 27-1306 for the following reasons, which constitute good cause:
"a) That said Section was repealed by L.B. 1030 [sic], Laws 1972;
"b) That as a result of such repeal the 50-day requirement no longer existed and plaintiff relied in good faith on the same.
"3. That notwithstanding In re Estate of Charles S. Tetherow v State of Nebraska, 226 N.W.2d 116, 193 Neb. 150 and other case law this application should be granted for the following reasons, which constitute good cause:
"a) That any and all case law does not impose a 50-day limit but merely aludes [sic] to the fact that a petition should be filed;
"b) That any and all case law gives the District Court discretion in permitting a petition to be filed with regard to time so long as the same is done.
"4. That the purpose of a petition is to give notice to the opposing party and that since this matter has not come on for trial the ends of justice and equity can best be served by permitting the filing of a petition in stanter [sic] if this Honorable Court deems a petition necessary and appropriate."
The difficulty with the statements is that they are simply not true. "L.B. 1030 [sic], Laws 1972," did not repeal the requirements of § 27-1306. We specifically held in Tetherow that L.B. 1032 left § 27-1306 intact insofar as appeals in condemnation *754 cases were concerned; and, contrary to the claim made by the Singletons, Tetherow established that the requirement that a petition be filed within 50 days still exists. And in Nelson v. State, 211 Neb. 793, 794, 320 N.W.2d 444, 445 (1982), we said: "It is well settled that a petition on an appeal from the award of the appraisers in an eminent domain proceeding must be filed by the party first appealing within 50 days of the date of the filing of the notice of appeal." It therefore follows that the 50-day requirement was in effect when this appeal was perfected. The lack of information, or misinformation, about the law by the Singletons or their attorney is not a showing of good cause. In Nelson, supra at 794, 320 N.W.2d at 445, it was said: "[T]he fact that counsel is misinformed or uninformed as to the requirements of filing a petition on appeal in the District Court is not a showing of good cause within the meaning of the statute." See, also, Jensen v. Omaha Public Power Dist., supra.
It would appear that the only reason the petition was not filed within the 50 days was that the party responsible for filing failed to do so. This is not good cause, and the fact that no one has been prejudiced by reason of a party not filing a document within the time required in order to give the court jurisdiction does not constitute a showing of "good cause," nor does it justify the court's granting permission to file the petition out of time. The trial court should have sustained the motion of the District to dismiss the appeal.
In passing, and for the purpose of avoiding further confusion, we should note that Neb.Rev.Stat. § 76-717 (Reissue 1981) has been amended by 1983 Neb.Laws, L.B. 270, and therefore that amendment and not this decision should be referred to with regard to appeals filed after the effective date of L.B. 270. It does not, however, apply to the instant case. The judgment of the District Court is therefore reversed and the cause remanded with directions to dismiss the appeal, thereby causing the award of the appraisers in the county court to be reinstated.
REVERSED AND REMANDED WITH DIRECTIONS.