Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/03/2019 09:10 AM CDT

Pinnacle Enterprises, Inc., appellant, v.
City of Papillion, Nebraska, appellee.
___ N.W.2d ___

Filed February 22, 2019.    No. S-18-365.

1.  **Statutes.** Statutory interpretation presents a question of law.
2.  **Judgments: Jurisdiction: Appeal and Error.** Determination of a juris-
    dictional issue which does not involve a factual dispute is a matter of
    law which requires an appellate court to reach its conclusions indepen-
    dent from a trial court.
3.  **Trial: Appeal and Error.** The standard of review of a trial court's
    determination of a request for sanctions is whether the trial court abused
    its discretion.
4.  **Actions: Waiver: Appeal and Error.** Under the law-of-the-case doc-
    trine, a well-recognized waiver rule has emerged: A decision made at
    a previous stage of litigation, which could have been challenged in the
    ensuing appeal but was not, becomes the law of the case; the parties are
    deemed to have waived the right to challenge that decision.
5.  **Actions: Appeal and Error.** When an appellate court remands a case to
    an inferior tribunal, the law-of-the-case doctrine prevents that court from
    taking action inconsistent with the judgment of the appellate court.
6.  **Trial: Judgments: Pleadings.** A trial court, in its discretion, may per-
    mit the renewal and resubmission of a motion which has previously
    been overruled.
7.  **Courts: Judgments: Time.** No court is required to persist in error, and,
    if the court concludes that a former ruling was wrong, the court may
    correct it at any time while the case is still in the court's control.
8.  **Statutes: Appeal and Error.** Statutory language is to be given its plain
    and ordinary meaning, and an appellate court will not resort to inter-
    pretation to ascertain the meaning of statutory words which are plain,
    direct, and unambiguous.
9.  **Eminent Domain: Jurisdiction: Notice: Appeal and Error.** In a con-
    demnation action, only the filing of the notice of appeal and, by exten-
    sion, service of this notice is jurisdictional.

10. **Courts: Judgments: Pleadings: Appeal and Error.** Under Neb. Rev.
Stat. § 76-717 (Reissue 2018), only where it becomes necessary for a
district court to order an appealing party to file a petition on appeal does
it also become necessary for the court to impose such sanctions as are
reasonable. In crafting a reasonable sanction, a court should consider the
circumstances and any resulting prejudice to other parties.

11. **Actions: Attorney Fees: Words and Phrases.** Under Neb. Rev. Stat.
§ 25-824(4) (Reissue 2016), the term "frivolous" connotes an improper
motive or legal position so wholly without merit as to be ridiculous.

Appeal from the District Court for Sarpy County: George
A. Thompson, Judge. Affirmed in part, and in part reversed and
remanded for further proceedings.

Jason M. Bruno and James L. Schneider, of Sherrets, Bruno
& Vogt, L.L.C., for appellant.

Daniel J. Fischer and Julie A. Ward, of Koley Jessen, P.C.,
L.L.O., and Karla R. Rupiper, Papillion City Attorney, and
Amber L. Rupiper for appellee.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and
Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

The City of Papillion, Nebraska (Papillion), condemned
land owned by Pinnacle Enterprises, Inc. (Pinnacle). Pinnacle
appealed the award to district court. After 4½ years and one
judicial recusal, the court dismissed the appeal for lack of juris-
diction. Because the plain language of Neb. Rev. Stat. § 76-717
(Reissue 2018) confers jurisdiction once a notice of appeal is
filed, the court erred in dismissing the appeal and we reverse
that dismissal. But the court did not abuse its discretion in
denying Pinnacle's motion for sanctions relating to Papillion's
motion for summary judgment, and we affirm that denial.

## BACKGROUND

Because much of this appeal centers upon the meaning of
§ 76-717, we quote it in full:

Within thirty days after the filing of such notice of appeal, the county judge shall prepare and transmit to the clerk of the district court a duly certified transcript of all proceedings had concerning the parcel or parcels of land as to which the particular condemnee takes the appeal upon payment of the fees provided by law for preparation thereof. When notice of appeal is filed by both the condemner and the condemnee, such transcript shall be prepared only in response to the first notice of appeal. The transcript prepared in response to the second notice of appeal shall contain only a copy of such notice and the proceedings shall be filed in the district court as a single cause of action.

The filing of the notice of appeal shall confer jurisdiction on the district court. The first party to perfect an appeal shall file a petition on appeal in the district court within fifty days after the filing of the notice of appeal. If no petition is filed, the court shall direct the first party to perfect an appeal to file a petition and impose such sanctions as are reasonable. The appeal shall be tried de novo in the district court. Such appeal shall not delay the acquisition of the property and placing of same to a public use if the condemner shall first deposit with the county judge the amount assessed by the appraisers.

Although § 76-717 was amended in 2018,[1] the amendment did not change any of the language relevant to this appeal and for convenience, we quote the current statute.

Papillion initiated condemnation proceedings in the county court. An amended return of the appraisers' award was entered on July 23, 2013. On August 13, Pinnacle filed its notice of appeal.

On October 15, 2013, 13 days after the 50-day time period for filing the petition on appeal,[2] Papillion filed a motion

---

[1] 2018 Neb. Laws, L.B. 193, § 89.

[2] See § 76-717.

to dismiss the appeal, which was scheduled for hearing in November. Two days later, on October 17, Pinnacle filed its petition on appeal. At the time Pinnacle did so, no order had been entered by the district court addressing the filing of a petition on appeal. In due course, the court held a hearing on Papillion's motion to dismiss, which the original district court judge summarily denied.

Pinnacle later filed a motion in limine, which sought to preclude Papillion from introducing evidence that would diminish the taking. The court granted the motion in limine. That ruling relates to the arguments asserted now regarding the denial of Pinnacle's motion for sanctions.

After 3 years of discovery and settlement discussions, the original judge informed the parties that he had a close personal friendship with one of Pinnacle's appraisers. Papillion moved for recusal. The original judge sustained the motion, and the court reassigned the case to the second judge.

In September 2017, Papillion moved for partial summary judgment. Papillion asserted summary judgment on the following issues: (1) Papillion took a limited permanent easement; (2) Papillion took a permanent easement for the purpose of constructing, relocating, and maintaining 84th Street in Papillion as part of a larger project; (3) Papillion's permanent easement does not include a taking of Pinnacle's right of access to and from 84th Street; and (4) the easement does not prohibit or restrict Pinnacle's right of access to 84th Street. A few days later, Pinnacle moved for sanctions, asserting that Papillion's motion was "legally frivolous."

At the sanctions hearing, the court addressed its concern with its jurisdiction. The court appears to have been concerned that "under [§ 76-717], [the first judge was] supposed to take certain actions. And the [first judge] did not take those actions, [make] specific[] findings, and it says shall." The court denied Pinnacle's motion for sanctions and ordered the parties to "brief [the] jurisdictional issue[] and/or enter [into] a stipulation to [that] issue[]." After the hearing

on partial summary judgment, the court took the matters under advisement.

In March 2018, the court issued an order solely determining jurisdiction. The court reasoned that the 50-day requirement under § 76-717 was mandatory and jurisdictional as opposed to directory. Even though the appeal was timely filed and perfected, the court reasoned that Pinnacle failed to show good cause to justify filing its petition on appeal past the time it was due. The court elucidated that Pinnacle failed to explain why there was a delay in retaining new counsel and it failed to provide a timeline for the court to consider. The court noted that by the time Pinnacle took action, the 50-day limit had run, and Papillion had already filed a motion to dismiss. The court dismissed the condemnation appeal for lack of jurisdiction.

Pinnacle filed a timely appeal, which we moved to our docket.[3]

## ASSIGNMENTS OF ERROR

Pinnacle assigns, consolidated and restated, that the district court erred in (1) sua sponte reversing its previous denial of Papillion's motion to dismiss and in dismissing the condemnation on the grounds that timely filing a petition on appeal was jurisdictional and that good cause did not exist for Pinnacle's late filing and (2) denying Pinnacle's motion for sanctions.

## STANDARD OF REVIEW

[1,2] Statutory interpretation presents a question of law.[4] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.[5]

---

[3] Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

[4] *State v. McGuire*, 301 Neb. 895, 921 N.W.2d 77 (2018).

[5] *Sandoval v. Ricketts, ante* p. 138, ___ N.W.2d ___ (2019).

[3] The standard of review of a trial court's determination of a request for sanctions is whether the trial court abused its discretion.[6]

## ANALYSIS

### Dismissal of Condemnation Appeal

On appeal, Pinnacle argues that the district court erred in sua sponte reversing its earlier denial of Papillion's motion to dismiss, dismissing the condemnation appeal for lack of jurisdiction, determining that good cause was necessary to file a petition on appeal out of time, and finding that Pinnacle did not have good cause.

[4,5] Pinnacle contends that the law-of-the-case doctrine prohibited the second district court judge from reconsidering the motion to dismiss. We disagree. Under the law-of-the-case doctrine, a well-recognized waiver rule has emerged: A decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision.[7] When an appellate court remands a case to an inferior tribunal, the law-of-the-case doctrine prevents that court from taking action inconsistent with the judgment of the appellate court.[8]

Here, both decisions were made in the same case and at the same level of Nebraska's court system. A second district court judge merely reconsidered an earlier, purely interlocutory order of his predecessor in the same proceeding and without any intervening opportunity for appellate review. The law-of-the-case waiver rule simply does not apply here.

[6,7] Pinnacle more broadly contends that it was error for the court to reconsider the denial of the motion to dismiss. Again, we disagree. A trial court, in its discretion, may permit

---

[6] *LeRette v. Howard*, 300 Neb. 128, 912 N.W.2d 706 (2018).

[7] *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019).

[8] *New Tek Mfg. v. Beehner*, 275 Neb. 951, 751 N.W.2d 135 (2008).

the renewal and resubmission of a motion which has previously been overruled.[9] "No court is required to persist in error, and, if [the court] concludes that a former ruling was wrong, [the court] may correct it at any time while the case is still in [the court's] control."[10] Contrary to Pinnacle's contention, the district court had the power to review its previous interlocutory orders if it believed there had been an error. On appeal to this court, we must consider whether the district court's ultimate decision was correct. We now turn to its merits.

Pinnacle relies on the plain language of § 76-717 for several arguments. First, it argues that § 76-717 explicitly states that the district court's jurisdiction is conferred when the notice of appeal is filed in the county court. Second, it contends that this language directly contradicts the district court's dismissal for lack of jurisdiction. Third, it argues that amendments to § 76-717 erased the court's discretionary authority to review the late filing of a petition on appeal for good cause. Pinnacle also argues that because the 15-day delay did not cause any prejudice to Papillion, the court erred in dismissing the appeal and that regardless of jurisdiction, Pinnacle did show good cause for filing out of time.

[8,9] On the question of jurisdiction, the plain language of § 76-717 is conclusive. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[11] The second paragraph of § 76-717 begins, "The filing of the notice of appeal shall confer jurisdiction on the district court." In a condemnation action, only the filing of the notice of appeal and, by extension, service of this notice is jurisdictional.[12]

---

[9] See *Bringewatt v. Mueller*, 201 Neb. 736, 272 N.W.2d 37 (1978).

[10] *Tady v. Warta*, 111 Neb. 521, 526, 196 N.W. 901, 903 (1924).

[11] *Leon V. v. Nebraska Dept. of Health & Human Servs., ante* p. 81, 921 N.W.2d 584 (2019).

[12] See *Wooden v. County of Douglas*, 275 Neb. 971, 751 N.W.2d 151 (2008).

Because there is no dispute of fact that Pinnacle filed its notice of appeal within 30 days of the return of appraisers, the district court acquired jurisdiction.

Although the court acquired jurisdiction, Papillion argues that the dismissal should be upheld as a reasonable sanction under § 76-717. Although § 76-717 required Pinnacle to file a petition on appeal within 50 days after the filing of the notice of appeal, it goes on to state, "If no petition is filed, the court shall direct the first party to perfect an appeal to file a petition and impose such sanctions as are reasonable." This, Papillion argues, justified dismissal as a sanction. We disagree.

[10] Clearly, the purpose of the quoted language is to keep cases moving and to ensure their orderly progression. By the time the district court first considered Papillion's motion to dismiss, Pinnacle had already filed its petition on appeal. At that point, it was no longer a situation where "no petition is filed." The provision requiring imposition of "sanctions" was conditioned on the absence of a filed petition. Thus, we hold that under § 76-717, only where it becomes necessary for a district court to order an appealing party to file a petition on appeal does it also become necessary for the court to impose such sanctions as are reasonable. In crafting a reasonable sanction, a court should consider the circumstances and any resulting prejudice to other parties.

Because the court had no cause to issue an order directing Pinnacle to file a petition on appeal, the court lacked statutory authority to impose sanctions. Under other circumstances, a failure to file the petition on appeal required by § 76-717 in violation of a court order might justify dismissal as a sanction.

But even if sanctions had been permissible here, Pinnacle's filing of the petition on appeal 15 days after the 50-day limit ran did not so prejudice Papillion as to warrant dismissal. Papillion received additional time to file an answer, and the court oversaw the case for nearly 4½ years. Clearly, the initial untimeliness was a minor matter in the distant past.

Moreover, when the court employed a good cause analysis as to the propriety of allowing the filing, rather than as a sanction for having failed to file the petition before being ordered to do so, the court deviated from the statutory procedure. In other words, the court employed a good cause analysis in order to determine retroactively whether the late filing should have been accepted. The district court cited to *Pettit v. Nebraska Dept. of Corr. Servs.*[13] for a definition of good cause. But in *Pettit*, the controlling statute specified an analysis for good cause. Section 76-717 does not.

The district court may have been misled by our previous case law under § 76-717, examining a late filing for good cause.[14] Those cases were decided before the 1983 amendment.[15] Between 1951, when the statute was enacted, and 1973, prior to an amendment, § 76-717 directed a party appealing a condemnation award to take his or her appeal in the same manner in which someone appeals from county court to district court.[16] During that time, the statute controlling an appeal from county court to district court instructed that if the plaintiff failed to timely file his or her petition on appeal within 50 days of the rendition of judgment, good cause must be shown or the plaintiff shall become nonsuited.[17] Because the pre-1983 version of § 76-717 specifically referred to the manner of

---

[13] *Pettit v. Nebraska Dept. of Corr. Servs.*, 291 Neb 513, 867 N.W.2d 553 (2015).

[14] See, *Singleton v. South Platte Nat. Resources Dist.*, 215 Neb. 504, 339 N.W.2d 751 (1983); *Estate of Tetherow v. State*, 193 Neb. 150, 226 N.W.2d 116 (1975); *Neumeyer v. Omaha Public Power Dist.*, 188 Neb. 516, 198 N.W.2d 80 (1972); *Jensen v. Omaha Public Power Dist.*, 159 Neb. 277, 66 N.W.2d 591 (1954); *City of Seward v. Gruntorad*, 158 Neb. 143, 62 N.W.2d 537 (1954).

[15] See 1983 Neb. Laws, L.B. 270, § 1.

[16] See, § 76-717 (Reissue 1971); 1973 Neb. Laws, L.B. 226, § 29 (eff. May 3, 1973).

[17] See Neb. Rev. Stat. § 27-1307 (Reissue 1964) (repealed 1972 Neb. Laws, L.B. 1032, § 287).

appeal being the same as from county court to district court, it was proper before 1983 for a district court to employ a good cause analysis regarding a condemnation petition on appeal filed out of time.[18] Because the current version of § 76-717 does not specify a good cause standard (either explicitly or by incorporation of another statute), our earlier cases have been superseded by the legislative amendments to § 76-717.

In summary, the district court incorrectly concluded that it lacked jurisdiction. To the extent that Papillion argues the dismissal should be sustained as a sanction for Pinnacle's late filing, we reject its argument. We therefore reverse the dismissal and remand the cause for further proceedings.

SANCTIONS

Pinnacle argues that the district court abused its discretion in denying Pinnacle's motion for sanctions, which asserted that Papillion's motion for summary judgment was legally frivolous. Pinnacle contends that Papillion was merely repackaging its motion to reconsider the motion in limine in the form of a motion for partial summary judgment. It follows, Pinnacle argues, that because the original judge granted the motion in limine and denied the motion to reconsider, the issues Papillion reasserted were legally frivolous.

[11] Pinnacle's motion for sanctions was based upon Neb. Rev. Stat. § 25-824(4) (Reissue 2016), which permits a court to assess attorney fees and costs if "the court finds that an attorney or party brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment." The term "frivolous" connotes an improper motive or legal position so wholly without merit as to be ridiculous.[19]

Although the court did not explain why it denied Pinnacle's motion for sanctions, we do not find that the court abused

---

[18] See *Singleton v. South Platte Nat. Resources Dist., supra* note 14.

[19] *White v. Kohout*, 286 Neb. 700, 839 N.W.2d 252 (2013).

its discretion. The district court might well have concluded that Papillion's motion did not meet the legal standard under § 25-824(4). However, we are mindful that but for this appeal resulting from the court's erroneous dismissal for lack of jurisdiction, the court's order would have remained interlocutory. Upon remand, the court remains free to reassess the situation in the light of subsequent developments. We simply determine that based upon the state of the record at the time of the court's denial of Pinnacle's motion for sanctions, the court did not abuse its discretion in doing so.

## CONCLUSION

We conclude that the district erred in dismissing the condemnation appeal for lack of jurisdiction. Therefore, we reverse the court's dismissal and remand the cause for further proceedings. The district court did not abuse its discretion when it denied Pinnacle's motion for sanctions. We affirm the district court's denial of Pinnacle's motion for sanctions.

Affirmed in part, and in part reversed and
remanded for further proceedings.

Miller-Lerman, J., not participating.